COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO (333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
COINBASE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>    Defendants. | Case No. 3:21-cv-04539-SK<br><br>**COINBASE, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL** |

## I. INTRODUCTION

Under the Federal Arbitration Act, a defendant can immediately appeal a district court's order denying a motion to compel arbitration. 9 U.S.C. § 16. By granting this interlocutory right, Congress recognized the importance of resolving arbitrability—a threshold jurisdictional issue—before the parties and this Court expend significant time and resources on litigation. Consistent with the federal government's policy in favor of arbitration, Coinbase moved the Court to compel this case to arbitration, has timely appealed denial of the motion to compel, and accordingly moves to stay these proceedings pending resolution of its appeal to avoid needless burden and expense on the parties and the Court.

Plaintiffs have provided no good reason why the Court should not stay these proceedings. They contend that a stay is unwarranted unless Coinbase's appeal presents an issue of first impression or an unsettled question of law, but that is not the applicable legal standard in this circuit, let alone the many circuits that correctly instruct courts to grant stays automatically during the pendency of an appeal of this kind. Moreover, to satisfy the first prong of the Ninth Circuit's four-factor test, Coinbase need show only that its appeal has a "reasonable probability" of success, and it "need not demonstrate that it is more likely than not that [it] will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011); *see also Ali v. JP Morgan Chase Bank*, No. C 13-01184 JSW, 2014 WL 12691084, at *1–2 (N.D. Cal. Mar. 10, 2014). Plaintiffs' argument that litigation expenses generally do not constitute irreparable harm ignores binding authority holding that incurring such expenses during the pendency of an appeal of an order denying an arbitration motion suffices as irreparable harm. Plaintiffs come nowhere near showing that they would be harmed if these proceedings are stayed, nor can they deny that a stay would serve the public interest by promoting judicial economy and the strong federal policy favoring arbitration.

Without a stay, Coinbase will be denied the benefit of its bargain to resolve its disputes with Plaintiffs quickly and efficiently in arbitration. Accordingly, Coinbase respectfully requests that the Court stay all proceedings until Coinbase's appeal is resolved.

## II.    ARGUMENT

First, Coinbase is entitled to a stay during the pendency of its appeal of the district court's order denying its motion to compel arbitration. Federal appellate courts are split on whether district court proceedings *must* be stayed pending appeal of a denial of a motion to compel arbitration. The FAA grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A). And, "[a]s a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Because *any* continuation of proceedings in the district court will necessarily touch on whether the dispute properly belongs in federal court at all, the majority of circuits—the Third, Fourth, Seventh, Tenth, and Eleventh Circuits—have accordingly recognized that a non-frivolous appeal divests the district court of jurisdiction during appeal, and so proceedings must be automatically stayed while the appeal is pending. *See Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207 (3d Cir. 2007); *Levin*, 634 F.3d at 263; *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504 (7th Cir. 1997); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004). By contrast, in a minority of Circuits—the Second, Fifth, and this Circuit—the district court is deemed to retain jurisdiction over the case and exercises discretion regarding whether to grant a stay. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004); *Weingarten Realty Invs. v. Miller*, 661 F.3d 904 (5th Cir. 2011); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990). This entrenched circuit split provides one basis to stay of these proceedings. Although this Court is bound by Circuit precedent granting it discretion in deciding whether to enter a stay, if Plaintiffs oppose Defendants' motion for a stay and it is denied by this Court, Defendants preserve this argument for appeal.

District courts in this circuit evaluate a motion to stay pending appeal of a denial of a motion to compel arbitration according to the traditional stay factors: (1) whether the movant has shown a sufficient probability of success on the merits of the appeal; (2) whether the movant will

be irreparably injured without a stay; (3) whether a stay will substantially injure other interested parties to the proceeding; and (4) whether the public interest favors a stay. *Leiva-Perez*, 640 F.3d at 964 (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)). As with all motions for a discretionary stay pending appeal, courts examine these factors "on a flexible 'continuum,'" which is a "'sliding scale' approach" that balances the factors so that "a stronger showing of one element may offset a weaker showing of another." *Ali*, 2014 WL 12691084, at *1 (quoting *Leiva-Perez*, 640 F.3d at 964–66).

Even under this Circuit's discretionary test, Coinbase has satisfied each element here and Defendants have raised no compelling arguments to the contrary.

**A.     Coinbase has shown that it has a reasonable probability of success before the Ninth Circuit.**

Plaintiffs misconstrue the applicable legal standard when arguing that a court's "application of settled law to undisputed facts does not warrant a stay pending appeal" (Opp'n, ECF No. 67, at 1) and that a stay is unwarranted if Coinbase's appeal does not "raise[] any question of first impression" (*id.* at 3). That is not the rule. An appeal that raises an issue of first impression or an unsettled question of law is *sufficient* to justify a stay, but those elements are not *necessary.* Rather, a stay applicant need show only that its appeal has a "reasonable probability" or "fair prospect" of success, and it "need not demonstrate that it is more likely than not that [it] will win on the merits." *Ali*, 2014 WL 12691084, at *1–2; *Leiva-Perez*, 640 F.3d at 966–68.

Numerous courts have applied this standard to grant stays where the applicant presented a "reasonable probability" or "fair prospect" of success, or raised "serious legal questions," regardless of whether an applicant's appeal presents a novel issue of first impression or an unsettled question of law. In *Wuest*, for example, the court denied the defendant's motion to compel arbitration, but then granted a stay pending appeal because the defendant raised a serious question about whether the applicable arbitration agreement "unambiguously delegates questions of arbitrability to the arbitrator." *Wuest v. Comcast Cable Commc'ns Mgmt.*, LLC, No. 17-cv-04063-JSW, 2017 WL 5569819, at *1 (N.D. Cal. Nov. 20, 2017). In *Perez*, the court noted that the defendant's arguments in its motion to stay "generally amount to a claim that the Court

1  misapplied well-settled legal principles," but it nonetheless stayed the case in light of the "the low

2  showing of success on the merits needed" to grant a stay. *Perez v. DirecTV Grp. Holdings, LLC*,

3  No. 16-cv-1440-JLS-DFMx, 2017 WL 8117452, at *1–2 (C.D. Cal. Sept. 22, 2017). And in

4  *Ward*, the court explained that it was "confident in its ultimate determination" in denying the

5  defendant's motion to compel arbitration, but it "nonetheless recognize[d] that these issues

6  present[ed] substantial questions that bear on the proper application of the federal and state

7  policies favoring arbitration," and granted a stay. *Ward v. Est. of Goossen*, No. 14-cv-03510-

8  TEH, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014).

9       Coinbase has more than satisfied the legal standard here. As Coinbase explained in its

10  motion to stay and as the Court acknowledged in its order on Coinbase's motion to compel, there

11  is no dispute that each Plaintiff consented to Coinbase's arbitration agreement, that this

12  agreement is valid and binding, and that the arbitration agreement would govern all of Plaintiffs'

13  claims. Mot. to Stay, ECF No. 59, at 4; *see also* Order re Mots. to Compel Arbitration & to

14  Dismiss, ECF No. 53 ("Order"), at 7. Coinbase respectfully contends that this Court erred in

15  determining the Sweepstakes' Official Rules superseded the arbitration agreement. Instead, the

16  proper course was to recognize the validity of the delegation clause and the parties' express intent

17  "from the beginning of [their] relationship" to arbitrate claims between them, *Goldman, Sachs &

18  Co. v. City of Reno*, 747 F.3d 733, 741 (9th Cir. 2014). Any alleged "conflict" between the two

19  agreements goes to the enforceability, revocability, scope, or validity of the arbitration

20  provision—an issue that is expressly delegated to the arbitrator. Mot. to Compel Arbitration, ECF

21  No. 33 ("MTC"), Ex. 7 at ¶ 8.3. A stay is vital here because if the Ninth Circuit determines that

22  the two agreements should be read in harmony, then this case must then be arbitrated because the

23  arbitration clause is indisputably valid, enforceable, and applicable to Plaintiffs' claims.

24       In their opposition brief, Plaintiffs essentially argue that a stay is unwarranted because the

25  Court's decision was correct. Opp'n at 3–5. But, as in *Perez*, a stay is appropriate even if a

26  defendant's argument "generally amount[s] to a claim that the Court misapplied well-settled legal

27  principles," as long as the defendant can satisfy the "the low showing" of likely success on the

28  merits on appeal. 2017 WL 8117452, at *1–2. Coinbase has made that showing here.

In addition, there is no dispute that the user agreements Plaintiffs signed delegate issues of arbitrability to the arbitrator (rather than the court). Opp'n at 4–5. Under binding Ninth Circuit precedent, the district court's inquiry under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted). If the court determines that both elements are satisfied, it *must* refer claims to an arbitrator to evaluate whether they are within the scope of the arbitration agreement. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019) ("[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract").

There is also no merit to Plaintiffs' argument that "Coinbase itself expressly promised to litigate Plaintiffs' claims here." Opp'n at 9. Coinbase has consistently argued that the arbitration clause delegates disputes about arbitrability to the arbitrator, and even if it did not, the agreement would encompass Plaintiffs' claims. *See, e.g.*, MTC at 9–15. Coinbase has moved for this stay to enforce the parties' contractual agreement to arbitrate.

### B. Coinbase has shown that it will suffer irreparable harm without a stay.

Plaintiffs fail to respond to Coinbase's argument that a defendant suffers irreparable harm when forced to proceed with litigation before its arbitration rights are resolved on appeal. Plaintiffs ignore Coinbase's cited authority holding that litigation expenses constitute irreparable harm when incurred pending appeal of an order denying an arbitration motion.[1]

In this respect, "arbitration *is unique*": the general rule that litigation expenses are not considered irreparable does not apply when litigation proceeds pending appeal of an order denying an arbitration motion because "the anticipated advantages of arbitration—speed and economy—*are lost forever.*" *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) (emphasis added) (quoting *Alascom, Inc. v. ITT N.*

---

[1] Plaintiffs also argue that the Court should disregard Coinbase's litigation expenses because Coinbase is a "$46 billion dollar company." Opp'n at 5. Plaintiffs have not properly introduced this evidence, and in any event, they cite no authority explaining why Coinbase's market capitalization would be relevant to the irreparable harm analysis.

*Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *see also Murphy v. DirecTV, Inc.*, No. 07-cv-06465-FMC–VBKx, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008) (the "costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm") (quoting *Steiner v. Apple Comput., Inc.*, No. C 07-04486 SBA, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008)); *Ali*, 2014 WL 12691084, at *1 (same).

None of Plaintiffs' cited cases hold otherwise. In *Yeomans*, the court *granted* the defendant's motion to stay with very limited exceptions. *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-cv-00792-EMC, 2021 WL 1772808 (N.D. Cal. Mar. 19, 2021). And Plaintiffs' other two cases, *Fox Broadcasting* and *Cutera*, involved motions for injunctive relief in the first instance, not motions for stays pending appeals. *See Fox Broad. Co. Inc. v. Dish Network, L.L.C.*, 905 F. Supp. 2d 1088, 1110–11 (C.D. Cal. 2012) (motion for plaintiff's preliminary injunction denied); *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198 (E.D. Cal. 2020) (motion for temporary restraining order granted). Those cases stand for the general proposition that litigation expenses do not typically constitute irreparable harm, but they say nothing about whether a defendant is irreparably harmed when forced to litigate in a district court while appealing a denial of its arbitration motion.

## C.   Plaintiffs will not suffer any harm from a stay.

Plaintiffs have failed to show that they will suffer any harm from a stay of all proceedings, let alone irreparable harm.

Instead, Plaintiffs contend only that a stay is unwarranted because it would prevent them from moving forward with their case against Defendant Marden-Kane, Inc., while Defendant Coinbase pursues its appeal. Opp'n at 6. Notwithstanding Plaintiff's alleged harm resulting from having to pursue a dual-track discovery schedule, Plaintiff does not state that it would be harmed by a stay of all proceedings during the pendency of Coinbase's appeal. Nor do Plaintiffs explain how it would be more efficient for the case to be stayed with respect to Coinbase while it proceeds against Marden-Kane. If Coinbase's motion to compel arbitration ultimately does not prevail on appeal, litigation against both defendants will involve many substantially overlapping questions of fact and law, as Plaintiffs' allegations are directed at both Marden-Kane and

1    Coinbase with little differentiation between them.[2] *See, e.g.*, Second Am. Compl., ECF No. 36 ¶¶

2    68–139 (Plaintiffs assert each cause of action against both Coinbase and Marden-Kane). It makes

3    little sense to conduct discovery and motion practice with respect to Marden-Kane (which could

4    directly implicate Coinbase's rights), only to repeat the same steps after Coinbase's appeal is

5    resolved. Plaintiffs concede that dual-track litigation would be wasteful and inefficient (*see* Opp'n

6    at 6 ("litigat[ing] the same merits issues through two separate litigation schedules . . . would

7    multiply the Court's burden in adjudicating the claims in this case, and multiply Plaintiffs'

8    litigation costs in ways that would likely be unrecoverable")), but that just as much supports a

9    stay of all proceedings.

10          Plaintiffs apparently believe this weighs in favor of letting the entire case proceed while

11   Coinbase's appeal is pending. But that posture would cause irreparable injury to Coinbase, while

12   a complete stay would eliminate the harm to Coinbase and cause no harm to Plaintiffs.

13   Accordingly, Coinbase requests that the Court stay these proceedings with respect to both

14   Coinbase and Marden-Kane.[3]

15          **D.     The public interest favors a temporary stay.**

16          There is a strong federal policy in favor of arbitration, and Plaintiffs do not contend

17   otherwise. *See, e.g.*, *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at

18   *4 (N.D. Cal. Jan. 11, 2012) ("[T]he federal policy favoring arbitration embodied in the FAA and

19   the economical use of judicial resources lead the public interest to favor a stay, even when other

20   interests are at play." (citing *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 WL

21   3201047, at *3 (N.D. Cal. 2006) and *Del Rio v. Creditanswers, LLC*, No. 10cv346-WQH-BLM,

22   2010 WL 3418430, at *5 (S.D. Cal. Aug. 26, 2010)). They argue instead that the policy does not

23   apply here because there is no "valid agreement to arbitrate" between Plaintiffs and Coinbase.

24   Opp'n at 7. That is wrong—as the Court recognized in its order on Coinbase's motion to compel,

25

26   ---
     [2] Plaintiffs have indicated that they may file a third amended complaint in light of the Court's
     partial dismissal of their second amended complaint. To preserve their own resources, Plaintiffs
27   stipulated to stay the deadline to file their third amended complaint until 21 days after the Court
     decides Coinbase's motion to stay. ECF No. 55.

28   [3] Marden-Kane has joined Coinbase's motion to stay. ECF No. 66.

1   there is no dispute that each Plaintiff entered into a valid agreement to arbitrate their claims

2   against Coinbase. *See, e.g.*, Order at 7 ("the parties do not dispute that . . . Plaintiffs agreed to

3   Coinbase's User Agreement [and that] Coinbase's User Agreement contains a valid arbitration

4   agreement"). The parties' dispute centers on whether the valid arbitration agreement governs

5   Plaintiffs claims in light of the Sweepstakes' Official Rules. This squarely implicates the policy in

6   favor of arbitration, which warrants a stay. *Ward*, 2014 WL 7273911, at *5 ("The policy

7   underlying the FAA is to promote judicial efficiency and economy. Thus, contrary to public

8   policy, judicial resources will be wasted if this case proceeds all the way to trial, only for the

9   Court to later discover that the case should have proceeded through arbitration."

10  (internal quotations and citations omitted)).

11  **III.   CONCLUSION**

12       Coinbase has satisfied each element of this Circuit's four-factor test for entry of a stay

13  pending appeal of an order denying a motion to compel arbitration: it has shown a reasonable

14  probability of success on the merits; it would suffer irreparable harm in the form of litigation

15  expenses if the case is not stayed in full, while Plaintiffs would suffer no harm at all; and a stay

16  would promote judicial economy and the federal policy favoring arbitration. Accordingly,

17  Coinbase respectfully requests that the Court stay all further proceedings until the Ninth Circuit

18  resolves Coinbase's appeal.

19

20  Dated: March 23, 2022                         COOLEY LLP

21

22                                               By: */s/ Michael G. Rhodes*

23                                                   Michael G. Rhodes

24                                               Attorneys for Defendant
                                                 COINBASE, INC.

25

26

27

28