VENABLE LLP
Laura A. Wytsma (SBN 189527)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
lawytsma@venable.com
Telephone: (310) 229-9900
Facsimile:  (310) 229-9901

Attorneys for Defendant
MARDEN-KANE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, et al., | Case No. 3:21-cv-04539-SK |
| Plaintiffs, | Honorable Sallie Kim |
| v. | **MARDEN-KANE, INC.'S RESPONSE TO PLAINTIFFS' OPPOSITION TO COINBASE, INC.'S MOTION FOR STAY PENDING APPEAL OF ARBITRATION ORDER** |
| COINBASE INC., and MARDEN-KANE, INC., | |
| Defendants. | Date: April 18, 2022<br>Time: 9:30 a.m.<br>Dept. C |

On March 7, 2022, defendant Marden-Kane, Inc. filed a joinder to Coinbase, Inc.'s Motion to Stay Pending Appeal (ECF 66). That same day, plaintiffs' counsel requested to meet and confer on a motion to compel discovery from Marden-Kane before the hearing on Coinbase's pending motion for a stay. During a subsequent conference of counsel, plaintiffs' counsel took the position that there is no legal basis for staying litigation as to Marden-Kane, as it will not be a party to the arbitration no matter how the Ninth Circuit resolves Coinbase's appeal. Plaintiffs similarly argue in their opposition brief that they have an "unqualified" right to immediately pursue their claims against Marden-Kane. Opp (ECF 67) at 1:27; *see also id.* at 3:4-5 (arguing that "MKI *must* promptly proceed with its defense") (emphasis added).

Plaintiffs are wrong. This Court can—and should—stay the action in its entirety, including claims against Marden-Kane, pending a final resolution of Coinbase's appeal. If Coinbase prevails on appeal, and Plaintiffs' claims against it are compelled to arbitration, then proceeding against Marden-Kane separately here is impractical given the intertwined nature of Plaintiffs' claims against both defendants.

The Supreme Court, in holding that the question of arbitrability must be decided by an arbitrator, specifically has noted that "it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). This admonition is consistent with the Federal Arbitration Act ("FAA"), which explicitly contemplates stays pending arbitration even when less than all claims are arbitrable. *See* 9 U.S.C. § 3 (noting that if "*any issue*" in a suit is referable to arbitration pursuant to a written agreement, the court "shall on application of *one of the parties* stay the trial of the action until such arbitration has been had …") (emphasis added); *see also Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 342-43 (5th Cir. 2004) (noting the FAA "gives a non-signatory litigant standing to apply for a stay when the litigation involves 'any issue referable to arbitration'") (citing 9 U.S.C. § 3).

"Where some litigants are not parties to the arbitration agreement, the court may nonetheless stay the entire action 'if arbitration of claims against a party to an arbitration agreement is likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement.'" *Jaffe v. Zamora*, 57 F. Supp. 3d 1244, 1248 (C.D. Cal. 2014) (citation omitted). "This procedure is premised on 'considerations of judicial economy and avoidance of confusion and possible inconsistent results.'" *Id.* (citation omitted). Such a "stay serves the FAA's policy in favor of arbitration and avoids the risk of … inconsistent judgments." *Aliff v. Vervent, Inc*., 2020 U.S. Dist. LEXIS 175778, at *35-36 (S.D. Cal Sept. 24, 2020); *accord Hill v. G.E. Power Sys., Inc.*, 282 F.3d 343, 347-48 (5th Cir. 2002) (finding denial of stay as to non-signatory would "undermine the arbitration proceedings … thereby thwarting the federal policy in favor of arbitration").

Particularly when claims arise from allegations of identical conduct, as here, a stay of the entire action is appropriate.[1] *See Newton v. Neumann Caribbean Int'l., Ltd.*, 750 F.2d 1422 (9th Cir. 1985) (affirming stay pending arbitration where it was "clear that there were ample reasons for avoiding duplication of effort in trying simultaneously, or even successively, the issues presented in" claims against different parties involving the same operative facts); *accord Waste Management*, 372 F.3d at 345 (reversing denial of stay where litigation and arbitration claims were "inherently inseparable").

To avoid duplicative litigation and inconsistent judgments, promote the efficient resolution of claims, and further the strong policy favoring arbitration, courts "generally" stay actions even as to a non-signatory defendant if plaintiff's claims against it "are intertwined with their arbitrable claims against another defendant." *Kater v. Churchill Downs Inc*., 2019 U.S. Dist. LEXIS 142560, at *3-4 (Aug. 21, 2019 W.D. Wash.); *see also*

---

[1] Plaintiffs assert claims against "Defendants" generally, without distinguishing between Coinbase and Marden-Kane. *See, e.g.,* Second Am. Compl. (ECF 36) ¶ 8 ("Defendants' direct-to-user emails and digital ads" and "Defendants' email solicitations"); ¶ 9 ("Defendants' 'sweepstakes' ads"); ¶ 11 ("Defendants' large, bright blue button"); ¶ 14 ("Defendants' prominent, repeated instructions"); ¶ 15 ("Defendants' above email, web, and mobile app advertisements"); ¶ 44 ("Defendants advertised"); ¶ 71 ("Defendants' fine-print disclaimer"); ¶ 105 ("Defendants' Dogecoin trading interface").

*Steppechange LLC v. Veon Ltd.*, 354 F. Supp. 3d 1033, 1045 (N.D. Cal. 2018) ("[J]udicial and litigation economy and the avoidance of inconsistent decisions counsels that only one forum should decide the entire case."); *Tadich Grill, Inc. v. Tadich Grill Dev. Co., LLC*, 2018 U.S. Dist. LEXIS 146437, at *48 (N.D. Cal. Aug. 28, 2018) (noting possibility of "inconsistent findings" "because Plaintiff's complaint does not differentiate between the conduct of [the signatory and non-signatory] Defendants, but instead asserts the same claims against *all* Defendants."); *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 842 (N.D. Cal. 2007) (finding identical claims based on same operative facts against non-signatory defendant should be stayed); *Ballard v. Corinthian Colleges, Inc.*, 2006 U.S. Dist. LEXIS 57699, at *2 (W.D. Wash. Aug. 16, 2006) ("[S]imultaneous litigation of such claims in separate forums would likely lead to a duplication of effort, as well as the risk of inconsistent decisions and inefficiencies.").[2]

Staying the entire action here, including claims against Marden-Kane, will "promote judicial economy, prevent duplicative efforts, and avoid inconsistent results." *Sharp Corp. v. Hisense USA Corp.*, 2017 U.S. Dist. LEXIS 200102, at *12 (N.D. Cal. Dec. 5, 2017) (granting stay of claims against non-signatory defendants pending arbitration).

Dated: March 23, 2022                    Respectfully submitted,

                                         VENABLE LLP

                                         /s/ *Laura A. Wytsma*
                                         Laura A. Wytsma
                                         Attorneys for Defendant
                                         Marden-Kane, Inc.

---

[2] While these cases address motions to stay where arbitration was compelled as to signatory parties, the same judicial concerns—avoiding duplicative and inefficient proceedings, and potentially inconsistent results—support a stay of the entire action pending Coinbase's appeal.