Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
David J. Harris, Jr. (SBN 286204)
djh@classactionlaw.com
FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1260
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

*Counsel for Plaintiffs and
the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, and THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT MARDEN-KANE, INC.'S UNTIMELY JOINDER IN, AND IMPROPER REPLY BRIEF IN SUPPORT OF, DEFENDANT COINBASE, INC.'S MOTION TO STAY**<br><br>Hearing:    April 18, 2022<br>Time:        9:30 a.m.<br>Courtroom: C |

**NOTICE OF MOTION AND MOTION TO STRIKE MARDEN-KANE, INC.'S UNTIMELY JOINDER AND IMPROPER REPLY BRIEF IN SUPPORT OF DEFENDANT COINBASE, INC.'S MOTION TO STAY PENDING APPEAL**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on April 18, 2022, at 9:30 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Magistrate Judge Sallie Kim, located in Courtroom C, 15th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs David Suski, Jaimee Martin, Jonas Calsbeek, and Thomas Maher will and hereby do move this Court to strike Defendant Marden-Kane, Inc.'s untimely joinder in, and improper reply brief in support of, Defendant Coinbase, Inc.'s pending motion to stay. Dkt. 66; Dkt. 69. This Motion is based on this Notice of Motion, the following argument, the pleadings and other documents on file in this case, all matters of which the Court may take judicial notice, and the oral argument of counsel.

I.   ARGUMENT

On October 19, 2021, Defendant Coinbase, Inc. ("Coinbase") filed a motion to compel the arbitration of Plaintiffs' claims against Coinbase. Dkt. 33. Defendant Marden-Kane, Inc. ("MKI") did not file a motion to compel arbitration, nor did it join Coinbase's motion to compel arbitration.

On January 11, 2022, the Court denied Coinbase's motion to compel arbitration. Dkt. 53.

On February 7, 2022, the parties informed the Court of Coinbase's intent to file an interlocutory appeal, and to move the Court to stay Plaintiffs' claims against Coinbase pending the appeal. Dkt. 56. The parties further informed the Court of MKI's intent to join Coinbase's motion to stay. *Id*. The Court set a February 9, 2022 deadline for filing the motion to stay, as stipulated by the parties. Dkt. 57.

On February 9, 2022, Coinbase timely filed its motion to stay. Dkt. 59. MKI, however, did not file any motion or notice of joinder.

On March 7, 2022, however, MKI filed an untimely notice of joinder, which included a short but substantive argument that Plaintiffs' claims *against MKI* should also be stayed. Dkt. 66. Coinbase's timely motion had not made that argument. Dkt. 59. MKI did not seek leave to file its

opening joinder-argument—four weeks after the Court's motion deadline, and 48 hours before Plaintiffs' opposition deadline—nor did MKI proffer any reason for its extreme delay. *Id.*

On March 9, 2022, Plaintiffs timely filed their opposition to Coinbase's motion to stay. Dkt. 67. Because MKI filed its joinder-argument so late, and did not cite any legal authority for its position, Plaintiffs declined to substantively address MKI's belated argument in their opposition to Coinbase's motion. *Id.*

On March 23, 2022, MKI filed a "response"/reply brief in support of its own belated joinder, which contained multiple pages of legal argument seeking to rebut Plaintiffs' opposition to *Coinbase's* motion. Dkt. 69. Again, MKI did not seek leave of Court to submit a reply brief in support of a motion that it neither filed nor timely joined. Moreover, MKI's unauthorized reply brief raised new and substantive legal issues, which neither Coinbase nor MKI had timely raised in connection with Coinbase's opening motion. *Id.* But see *Luhr v. Berryhill*, 2018 WL 1536669, at *21 (N.D. Cal. Mar. 29, 2018) (holding that arguments raised for the first time on reply are waived); *Polion v. Colvin*, 2013 WL 3527125, at n.4 & n.7 (C.D. Cal. July 10, 2013) (same).

It would be procedurally improper and fundamentally unfair to allow MKI to: (1) delay its opening joinder-argument until several weeks after the Court's motion deadline, and 48 hours *before* Plaintiffs' opposition deadline; and (2) raise brand new legal arguments against Plaintiffs in a surprise reply brief. If MKI wanted to assert its own rights to arbitrate, or to seek a stay, then MKI could have and should have filed its own timely motion papers, and brought its new legal arguments properly before the Court. MKI's unauthorized, surprise litigation tactics are both procedurally improper and fundamentally unfair to Plaintiffs.

**II. CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court strike MKI's untimely joinder-argument (Dkt. 66) and its improperly presented reply brief (Dkt. 69), and preclude MKI from making arguments *that it has not properly raised* during the Court's April 18, 2022 hearing on Coinbase's motion to stay.

PLAINTIFFS' MOTION TO STRIKE

| | | |
|---|---|---|
| 1 | Dated: March 23, 2022 | Respectfully submitted, |
| 2 | | FINKELSTEIN & KRINSK LLP |
| 3 | | By:   *s/ David J. Harris, Jr.* |
| 4 | | David J. Harris, Jr., Esq. |
| 5 | | djh@classactionlaw.com |
| 6 | | 501 West Broadway, Suite 1260<br>San Diego, California 92101 |
| 7 | | Telephone: (619) 238-1333 |
| 8 | | *Counsel for Plaintiffs and the Putative Class* |

3

PLAINTIFFS' MOTION TO STRIKE