UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, et al.,<br>     Plaintiffs,<br>v.<br>MARDEN-KANE, INC., et al.,<br>     Defendants. | Case No. 21-cv-04539-SK<br><br>**ORDER DENYING MOTION TO STAY**<br>Regarding Docket Nos. 59, 70 |

This matter comes before the Court upon consideration of Coinbase, Inc.'s motion to stay pending appeal of the Court's Order denying its motion to compel arbitration. Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby DENIES Coinbase's motion for the reasons set forth below.

The Court FURTHER DENIES Plaintiffs' motion to strike Marden-Kane, Inc.'s brief. However, Marden-Kane is admonished that, in the future, the Court will only consider the briefs filed by the party who filed the motion.

**ANALYSIS**

In the Ninth Circuit, a district court's order denying a motion to compel arbitration does not automatically result in a mandatory stay of proceedings pending appeal of that order. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). A stay pending appeal is a matter of judicial discretion, not of right. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Nken*, 556 U.S. at 433.

In deciding whether to exercise that discretion, courts consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* (citation omitted). The first two factors are the most important. *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (2011) (citing *Nken*, 556 U.S. at 434). The party seeking the stay "must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in [the party's] favor." *Id.* at 964.

Here, Coinbase does not argue that this matter raises "serious legal issues." Instead, Coinbase argues that there is a reasonable probability that the Ninth Circuit will disagree with the Court, but Coinbase fails to show how the Court erred. The Court found that the Coinbase's User Agreement and the Dogecoin sweepstakes' Official Rules conflicted and that the superseding Dogecoin sweepstakes' Official Rules governs the specific claims in this action. (Dkt. No. 53.) Coinbase argues generally that, where possible, agreements should be reconciled but fails to show how the two agreements could be reconciled. Accordingly, the Court finds that Coinbase fails to show there is a reasonable probability that the Ninth Circuit will disagree with the Court.

With respect to the possibility of irreparable injury, Coinbase argues that it would lose the benefits of arbitration if the Court does not say the case pending the appeal. However, in this case there are two defendants, only one of which is subject to an arbitration agreement. As Defendant Marden-Kane argued at the hearing, the claims against both defendants are intertwined, and Coinbase would be required to respond to discovery in relation to the claims against Marden-Kane, even if the Court stayed the case against Coinbase. Additionally, Plaintiffs argued that, even if their individual claims against Coinbase were ultimately resolved in arbitration, the claims of the purported class would remain. While the Court could stay the entire case or, alternatively, allow litigation to continue with resolution of Plaintiffs' individual claims resolving the purported class claims as well, the issue of irreparable injury is not clear cut and does not weigh strongly in favor of a stay.

Because the Court finds that Coinbase has not made an adequate showing on the first two factors, the Court need not address the remaining two. *See Mount Graham Coalition v. Thomas*,

89 F.3d 554, 558 (9th Cir. 1996) (declining to continue analysis where moving party failed to satisfy first factor's threshold requirement); *see also Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 956 (N.D. Cal. 2019) ("Because Brookdale fails to satisfy the first two crucial factors, the Court need not reach the remaining factors in its analysis.")  Coinbase fails to show that a stay is warranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES Coinbase's motion for a stay pending appeal.

**IT IS SO ORDERED**.

Dated: April 19, 2022

SALLIE KIM
United States Magistrate Judge