COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
ELIZABETH SÁNCHEZ SANTIAGO (333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
COINBASE, INC.

Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
David J. Harris, Jr. (SBN 286204)
djh@classactionlaw.com
FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1260
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile: (619) 238-5425

Attorneys for Plaintiffs and
the Putative Class

VENABLE LLP
Laura A. Wytsma (SBN 189527)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
lawytsma@venable.com
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
MARDEN-KANE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, and THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: May 2, 2022<br>Time: 9:30 a.m.<br>Judge: Magistrate Judge Sallie Kim<br>Courtroom: C |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties to this action—(1) Plaintiffs, (2) Defendant Coinbase, Inc., and (3) Defendant Marden-Kane, Inc.—submit this joint case management statement in accordance with the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and this Court's order dated March 1, 2022 (ECF No. 65)

## I.   JURISDICTION AND SERVICE

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

### A.   Plaintiffs' Statement

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because the aggregate amount in controversy exceeds $5,000,000, and Plaintiffs and most Class members are citizens of States different from the Defendants' home States.  In addition, all parties expressly agreed before this lawsuit that the Court would have jurisdiction over the claims and defenses at issue, exclusive of any arbitrator's jurisdiction.  *Compare* Dkt. 22-1, ¶10, *with* Dkt. 41-3, ¶11.  *See also* Dkt. 40 at 1-16, 25 (argument).

### B.   Defendant Coinbase's Statement

The Court lacks subject-matter jurisdiction and venue is improper because Plaintiffs agreed to arbitrate their claims. The Court also lacks subject-matter jurisdiction because Coinbase's appeal of the denial of its motion to compel arbitration is currently pending before the Ninth Circuit. There are no issues of personal jurisdiction or service.

### C.   Defendant Marden-Kane's Statement

The Court lacks subject-matter jurisdiction because, minimally, all named Plaintiffs agreed to arbitrate their claims.

## II.   FACTS AND PROCEDURAL HISTORY

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

### A.      Plaintiffs' Statement

Coinbase is one of the largest online cryptocurrency exchanges in the world.  In or about May 2021, Coinbase decided to add a cryptocurrency called "Dogecoin" (or "DOGE") to the list of cryptocurrencies it sells to users.  Coinbase opened for DOGE trading on June 3, 2021. That same day, Coinbase launched a $1.2 million "Sweepstakes" promotion.  Coinbase's goals in launching DOGE trading and the Sweepstakes on the same day were: (1) to ensure that there would be enough trading activity to support a "liquid" market for DOGE on Coinbase; and (2) to maximize the trading fees that Coinbase would earn from users' DOGE transactions.

On June 3, 2021, Coinbase emailed and otherwise solicited Plaintiffs and millions of Coinbase users to enter the Dogecoin Sweepstakes. Coinbase's mass emails and digital ads contained materially false and misleading statements of fact regarding the requirements for entering the Sweepstakes.  Specifically, the ads displayed large, colorful graphics and language which reasonably suggested (and affirmatively stated) to consumers that buying or selling "$100 in DOGE" on Coinbase was necessary to obtain entry into the Sweepstakes.  The truth was that there existed a free, mail-in entry option for entering to win.

While the ads contained a footnote disclaimer stating, among other things, "NO PURCHASE NECESSARY," the disclaimer was ambiguous and misleading when read in the context of the whole ad.   The disclaimer was consistent with the ads' more prominent misstatements that a DOGE purchase *or sale* transaction was necessary to enter.  Moreover, while the ads linked to an "Official Rules" webpage disclosing a free, mail-in entry option, the ads were structured and designed so that most users would execute DOGE trades and pay transaction fees *before* discerning any free, alternative method of entry ("FAME").  In fact, the Official Rules themselves were ambiguous and misleading as to whether the FAME was available only to entrants who were *not* Coinbase users, or whether the FAME was available to existing Coinbase users as well.

Coinbase's false and misleading Sweepstakes ads were created, tested and designed with the help of its Sweepstakes "administrator," Defendant Marden-Kane, Inc. ("MKI").  Defendant MKI is a New York corporation that specializes in operating digital sweepstakes promotions.  In

2021, MKI contracted with Coinbase to administer the DOGE Sweepstakes at issue.   Coinbase and MKI knew from their recent experiences together, in a different Coinbase sweepstakes, that their Sweepstakes ads would have the tendency and capacity to mislead consumers into unnecessarily paying for their chances to win.  Defendant MKI collaborated with Coinbase not only in creating the DOGE Sweepstakes ads, but also in drafting and finalizing the parties' "Official Rules" agreement governing the DOGE Sweepstakes.  Like Coinbase, MKI was a Sweepstakes "sponsor," within the meaning of Cal. Bus. & Prof. Code § 17539.15, because MKI was a "person or entity that operate[d] or administer[ed] a sweepstakes."

As a direct result of Defendants' false and misleading Sweepstakes ads, Plaintiffs and millions of Coinbase users executed $100 or more in Dogecoin transactions in a single week during June 2021, and paid all associated transaction fees to Coinbase, in exchange for the chance to win cryptocurrency prizes.  Plaintiffs and this Class of millions of Coinbase users collectively spent and lost (at minimum) *many* millions of dollars that they would not otherwise have spent or lost, in order to obtain their Sweepstakes entries.

Defendants' conduct violated California's lottery statute (Cal. Penal Code §§ 319, 320), or in the alternative, California's sweepstakes disclosure statute (Cal. Bus. & Prof. Code § 17539.15).  Defendants also violated California's general False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*), California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).

Defendants dispute the alleged facts that their ads were false and misleading, and that Plaintiffs gave consideration in exchange for their chances to win prizes

### B.  Defendant Coinbase's Statement

Coinbase operates one of the largest cryptocurrency exchange platforms in the United States. In June 2021, Coinbase began allowing users to exchange Dogecoin, a popular cryptocurrency.  Dogecoin currently has a market capitalization of $20.3 billion and is the seventh most popular asset listed on the Coinbase exchange as of this filing.[1]

---

[1] *See* https://www.coinbase.com/price/dogecoin.

On June 3, 2021, Coinbase announced its Dogecoin Sweepstakes, in which participants could trade $100 in Dogecoin on Coinbase's platform for a chance to win up to $1.2 million in Dogecoin prizes.[2] Participants could also enter for free by mailing an index card with their contact information. Each Plaintiff participated in the sweepstakes by accepting the Coinbase User Agreement (including its arbitration clause), opening a Coinbase user account, and then trading Dogecoin on Coinbase's platform.

Plaintiffs allege that Coinbase's marketing materials unlawfully concealed the option to enter for free. But those materials clearly stated that participants did not need to make a purchase to participate ("NO PURCHASE NECESSARY") and clearly explained the free alternative method of entry. The official sweepstakes rules contained similar disclosures.[3] Coinbase's sweepstakes marketing materials were not deceptive or unlawful in any way. Plaintiffs also assert that the Dogecoin Sweepstakes was an unlawful lottery. Under California law, a lottery exists only when entrants are required to pay valuable consideration to enter. Here entrants could participate in the Dogecoin Sweepstakes for free (although Plaintiffs elected not to do so). Thus, the sweepstakes was not an unlawful lottery.

### C.   Defendant Marden-Kane's Statement

The official rules for the Dogecoin Sweepstakes are not deceptive or unlawful in any way. Additionally, the Dogecoin Sweepstakes was not an unlawful lottery.  Further, Marden-Kane did not make any of the allegedly unlawful representations identified in the Second Amended Complaint, or engage in any of the allegedly unlawful business transactions relating to the Dogecoin Sweepstakes.

### III.   LEGAL ISSUES

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiffs' second amended complaint (ECF No. 36) ("SAC") asserts seven causes of action for alleged violations of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et*

---

[2] *See* https://www.coinbase.com/sweepstakes/dogecoin-launch.
[3] *See* https://www.coinbase.com/sweepstakes-doge-terms.

*seq.*), the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*), and the California Legal Remedies Act (Cal. Civ. Code §§ 1750(a)(14)). Disputed issues include:

- Whether the parties must arbitrate or litigate the claims and defenses at issue;
- Whether the Court or an arbitrator has jurisdiction to decide the justiciability or arbitrability of the claims and defenses at issue;
- Whether the Dogecoin Sweepstakes was an unlawful lottery in violation of Cal. Penal Code § 320;
- Whether Coinbase's marketing materials clearly and conspicuously stated the "no-purchase-or-payment-necessary" message as required by Cal. Bus. & Prof. Code § 17539.15;
- Whether Coinbase's marketing materials were unlawful under the Unfair Competition Law, the False Advertising Law, or the Consumer Legal Remedies Act;
- Whether Marden-Kane can be held liable for the allegedly unlawful representations and transactions in the June 2021 Dogecoin Sweepstakes;
- Whether Plaintiffs' claims may be maintained on a class or other representative basis under general legal principles and notwithstanding the specific rules of the Dogecoin Sweepstakes;
- Whether Plaintiffs suffered any damage and, if so, in what amount(s); and
- Whether Plaintiffs adequately allege a violation of the "unfair" prong of the Unfair Competition Law.

Plaintiffs seek to represent a putative class consisting of "themselves and all other persons who opted into Coinbase's $1.2 million Dogecoin (DOGE) sweepstakes in June 2021, and who purchased or sold Dogecoins on a Coinbase exchange for a total of $100 or more between June 3, 2021 and June 10, 2021, inclusive." SAC ¶ 80.

## IV.   MOTIONS

*All prior and pending motions, their current status, and any anticipated motions.*

On October 19, 2021, Coinbase filed a motion to compel arbitration, or alternatively, to dismiss the complaint for failure to state a claim (ECF No. 33). On January 11, 2022, the Court

1    denied Coinbase's motion to compel arbitration and granted its motion to dismiss in part and

2    denied it in part. ECF No. 53. On February 9, Coinbase filed (1) a notice of appeal of the denial

3    of its motion to compel arbitration and (2) a motion to stay these proceedings pending the

4    resolution of its appeal. ECF Nos. 58, 59. On April 19, the Court denied Coinbase's motion to

5    stay. ECF No. 76. Coinbase's appeal is currently pending before the Ninth Circuit.

6          Coinbase does not currently anticipate filing additional motions with this Court. Coinbase

7    anticipates filing a motion to stay with the Ninth Circuit.

8          The nature of Marden-Kane's responsive pleading will be informed by Plaintiffs'

9    forthcoming third amended complaint, if any.

10         If the case proceeds in whole or in part beyond the pleading stage, then Plaintiffs intend to

11   move for class certification during the discovery period, and may subsequently move for

12   summary judgment, in whole or in part, on selected claims or issues.

13   **V.     AMENDMENT OF PLEADINGS**

14         *The extent to which parties, claims, or defenses are expected to be added or dismissed and*

15   *a proposed deadline for amending the pleadings.*

16         The deadline for Plaintiffs to file their third amended complaint is May 10, 2022 (i.e., 21

17   days after the Court issued its order denying Coinbase's motion to stay). ECF No. 55.

18   **VI.    EVIDENCE PRESERVATION**

19         *A brief report certifying that the parties have reviewed the Guidelines Relating to the*

20   *Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the*

21   *parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and*

22   *proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this*

23   *action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

24         The parties have reviewed the Guidelines Relating to the Discovery of Electronically

25   Stored Information. The parties have met and conferred under Rule 26(f) regarding evidence

26   preservation.

27

28

COOLEY LLP

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT
CASE NO. 3:21-CV-04539-SK

**VII.    DISCLOSURES**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.*

The parties have exchanged initial disclosures containing the information required under Rule 26(a)(1)(A).

**VIII.    DISCOVERY**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiffs and Coinbase have not yet conducted discovery beyond providing Rule 26 initial disclosures.  During the Plaintiffs' and Coinbase's Rule 26(f) conference, Coinbase requested that Plaintiffs agree to stay discovery, pending the Court's resolution of Coinbase's motion to compel arbitration and to dismiss and its motion to stay.  Plaintiffs informally acquiesced to Coinbase's request.

**IX.    CLASS ACTIONS**

*If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.*

The parties have reviewed and are familiar with this District's Procedural Guidance for Class Action Settlements.

**A.    Plaintiffs' Statement**

Plaintiffs believe that this case is ideally suited for class treatment.

**B.    Defendant Coinbase's Statement**

Coinbase denies that Plaintiffs can satisfy the legal standards for class certification.

### C.     Defendant Marden-Kane's Statement

Marden-Kane denies that Plaintiffs can satisfy the legal standards for class certification, and further contends that the Dogecoin Sweepstakes' rules preclude Plaintiffs from pursuing claims on a class or representative basis.

## X.     RELATED CASES

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.

## XI.     RELIEF

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs seek their and the class's actual damages, as well as restitution to Plaintiffs and each class member of all money and personal property that Defendants acquired from Plaintiffs, as well as permanent injunctive relief under California's consumer protection statutes. Plaintiffs also seek to recover their litigation expenses and attorneys' fees.

## XII.     SETTLEMENT AND ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have met and conferred under ADR Local Rule 3-5 and have filed their ADR Certifications. The parties intend to discuss the ADR process at the case management conference.

## XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The parties have consented to have Magistrate Judge Sallie Kim conduct all further proceedings, including trial and entry of judgment.

1

**XIV.   OTHER REFERENCES**

2

*Whether the case is suitable for reference to binding arbitration, a special master, or the*

3

*Judicial Panel on Multidistrict Litigation.*

4

This case is not suitable for reference to a special master or the Judicial Panel on

5

Multidistrict Litigation. Coinbase is appealing the Court's denial of its motion to compel

6

arbitration and maintains that this dispute must be arbitrated.

7

Plaintiffs separately maintain that they have never had any arbitration agreement with MKI,

8

such that even if the Court granted Coinbase's motion to compel arbitration over Plaintiffs'

9

objections, the Court would still have exclusive jurisdiction over Plaintiffs' claims against MKI.

10

**XV.   NARROWING OF ISSUES**

11

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the*

12

*presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to*

13

*bifurcate issues, claims, or defenses.*

14

None at this time.

15

**XVI.   EXPEDITED TRIAL PROCEDURE**

16

*Whether this is the type of case that can be handled under the Expedited Trial Procedure*

17

*of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement,*

18

*file an executed Agreement for Expedited Trial and a Joint Expedited Case Management*

19

*Statement, in accordance with General Order No. 64 Attachments B and D.*

20

The parties do not believe that this case is suitable for an expedited trial.

21

**XVII.   SCHEDULING**

22

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive*

23

*motions, pretrial conference and trial.*

24

Coinbase intends to seek a stay of these proceedings from the Ninth Circuit during the

25

pendency of its appeal. Absent a stay, the parties propose the following schedule:

26

27

28

| EVENT | DATE |
|---|---|
| Fact Discovery Cutoff | April 7, 2023 |
| Class Certification Motion Due | October 14, 2022 |
| Opposition | November 18, 2022 |
| Reply | December 16, 2022 |
| Expert Disclosures Due | April 7, 2023 |
| Expert Discovery Cutoff | June 2, 2023 |
| Last Day to File Dispositive and Daubert Motions | August 4, 2023 |
| Opposition | September 8, 2023 |
| Reply | October 6, 2023 |

**XVIII. TRIAL**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiffs have demanded a jury trial. The parties respectfully submit that the trial date, estimated trial length, and other pretrial deadlines should be addressed after the Court has ruled on class certification and any dispositive motions.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.*

**A.     Plaintiffs' Statement**

All Plaintiffs have filed the required certifications, and have identified only Plaintiffs' counsel as having interests in the case outcome.  Plaintiffs' counsel is self-funding the prosecution of the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.     Defendant Coinbase's Statement**

Coinbase filed its disclosures on September 3, 2021 (ECF No. 23), and restates here that it has no such interest to report.

**C.     Defendant Marden-Kane's Statement**

Marden-Kane filed its disclosures on January 3, 2022, and has no further interests to report at this time.

**XX.   PROFESSIONAL CONDUCT**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record have reviewed the Guidelines.

**XXI.  OTHER**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

None.

Dated:  April 25, 2022

COOLEY LLP

By: */s/ Michael G. Rhodes*
     Michael G. Rhodes

Attorneys for Defendant
COINBASE, INC.

FINKELSTEIN & KRINSK LLP

By: */s/ David J. Harris*
     David J. Harris

Attorneys for Plaintiffs
DAVID SUSKI, JAIMEE MARTIN, JONAS
CALSBEEK, THOMAS MAHER

VENABLE LLP

By: */s/ Laura A. Wytsma*
     Laura A. Wytsma

Attorneys for Defendant
MARDEN-KANE, INC.

1

## ATTESTATION OF SIGNATURES

2     Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document

3  has been obtained from each of the other signatories.

4    Dated: April 25, 2022                                    */s/ Michael G. Rhodes*
                                                              Michael G. Rhodes
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28