UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MARDEN-KANE, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-04539-SK<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 22, 2022, AT 9:30 A.M. The Court intends to address the questions below at the hearing. The Court advises the parties that it will not accept written answers to these questions.

The parties shall be prepared to address the following questions at the hearing:

(1) On what basis do Defendants contend that this Court has jurisdiction over the issue of compelling arbitration in light of Coinbase's appeal of this issue to the Ninth Circuit? On what authority do Defendants rely?

(2) Even if the Court has jurisdiction to consider the issue of arbitration in light of the pending appeal, on what basis do Defendants contend that the Court should address this issue in light of Coinbase's failure to file a motion for leave to file a motion for reconsideration as required by the Northern District Civil Local Rule 7-9(a) or demonstrate any of the grounds for reconsideration?

(3) On what basis does Marden-Kane have standing to move to enforce the terms of the User Agreement between Coinbase and Plaintiffs, including the arbitration provision and dispute resolution procedures?

(4) Do Plaintiffs dispute that the Court should dismiss or strike their request for

injunctive relief? If so, on what basis can they argue ongoing harm?

(5) The Official Rules for the Coinbase Dogecoin Sweepstakes ("Official Rules") contains a class action waiver. (Dkt. No. 83-1, ¶ 10.) Why or why not does Plaintiffs' request for punitive damages and disgorgement of profits "predictably involve small amounts of damages" under *Discover Bank v. Superior Court*, 36 Cal.4th 148 (2005). On what authority do the parties rely?

(6) Why is Coinbase not barred from challenging Plaintiffs' complaint on grounds that it did not make in its previous motion to dismiss, including the class action waiver in the Official Rules and additional challenges to Plaintiffs' claims under California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA")?

(7) Plaintiffs allege that the "transaction" at issue for their CLRA claims was their entry into the Dogecoin Sweepstakes. (Dkt. No. 83 (Third Amended Compl.), ¶ 147.) Why or why not is this transaction insufficient for Plaintiffs' CLRA claims?

(8) How was the transaction to enter the Dogecoin Sweepstakes a transaction with Marden-Kane?

(9) Who do customers purchase Dogecoins from, Coinbase or other persons or entities? Who did Plaintiffs purchase their Dogecoins from when they entered the Dogecoin Sweepstakes?

**IT IS SO ORDERED**.

Dated: August 19, 2022

_____
SALLIE KIM
United States Magistrate Judge

2