COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BETHANY C. LOBO (248109)
(blobo@cooley.com)
ELIZABETH SANCHEZ SANTIAGO (333789)
(lsanchezsantiago@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:	+1 415 693 2000
Facsimile:	+1 415 693 2222

MAX SLADEK DE LA CAL (324961)
(msladekdelacal@cooley.com)
1333 2nd Street, Suite 400
Santa Monica, California 90401-4100
Telephone:	+1 310 883 6400
Facsimile:	+1 310 883 6500

Attorneys for Defendant
COINBASE, INC.

VENABLE LLP
LAURA A. WYTSMA (SBN 189527)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
lawytsma@venable.com
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
MARDEN-KANE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, and THOMAS MAHER,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**DEFENDANTS' PROPOSED CASE SCHEDULE**<br><br>Trial Date:    January 16, 2024<br>Action Filed:  June 11, 2021 |

Pursuant to the Court's Minute Entry on September 12, 2022 following the Further Case Management Conference held on that date (ECF No. 116), Coinbase, Inc. ("Coinbase") and Marden-Kane, Inc. ("Marden-Kane") (together, "Defendants"), submit their proposed case schedule below.

## THE PARTIES' CONFERRAL

Counsel for all parties met and conferred telephonically on September 14, 2022, and thereafter in writing, but could not agree to a case schedule. *See* Declaration of Kathleen Hartnett ("Hartnett Decl.") ¶ 2, Ex. A (the parties' written conferral).

On the parties' September 14 telephonic conferral, Plaintiffs' counsel proposed to stay all deadlines in this case until the Ninth Circuit rules on Coinbase's arbitrability appeal, subject to conditions that he would specify in a follow-up email. *See id*. ¶ 2. He memorialized this position by email later that day and stated two conditions for his proposed stay: for Coinbase and Marden-Kane to (1) respond to certain of Plaintiffs' pending interrogatories notwithstanding the entry of a stipulated stay; and (2) forego seeking any further stay after the Ninth Circuit's ruling. *See id*. ¶ 3.

Coinbase responded on September 16, 2022, explaining that it would agree to the stay and provide the requested interrogatory responses once a protective order for this case is entered. *See id*. ¶ 4. However, Coinbase explained that it could not commit in advance not to seek a stay after the Ninth Circuit rules, without knowing the bases for the Ninth Circuit's future ruling or the circumstances that will exist at the time of that ruling. *See id.*

Plaintiffs' counsel responded later that day, rejecting Coinbase's counterproposal. *See id.* ¶ 5. Plaintiffs' counsel stated that he did not believe a protective order "is necessary for the limited interrogatories I'm requesting responses to." *Id.* Plaintiffs' counsel also set forth limited conditions under which Coinbase could move for a stay after the Ninth Circuit's ruling. *Id.* Interlaced in his rejection of Coinbase's substantive proposal were a series of email tirades, which among other things: stated that if Defendants file a stay motion, "I'll seek sanctions for unwarranted obstruction"; directed counsel for Coinbase to "[t]ell Coinbase's in-house people that I believe they have a profound sense of entitlement in the way they're approaching this case, and I intend to deal with them accordingly throughout this litigation"; and threatened that "I don't understand why me

giving your clients undeserved gifts should be so difficult, other than a profound sense of corporate entitlement that I will take personal responsibility for correcting the hard way." *Id.*

Coinbase's counsel responded that the parties appeared to be in near-agreement to a stay; explained that Coinbase required a protective order to protect its interrogatory responses to the extent the response would contain commercially sensitive information; reminded Plaintiffs' counsel that under the Northern District's model protective orders, Plaintiffs would have the right to challenge any confidentiality designation that Coinbase applied during discovery; reiterated why Coinbase could not commit in advance to a stay after the Ninth Circuit rules; and stated that Marden-Kane also did not oppose Coinbase's proposed approach. *Id.* ¶ 6. With respect to the protective order, Coinbase's counsel explained that Coinbase was "not asking [Plaintiffs] to waive any challenges to our confidentiality designations." *Id.*

Counsel for Plaintiffs responded with further invective, stating that "Coinbase can have its way then. There will be no stay . . . ." and that "I find it astonishing that every time I give Coinbase, Inc. a mile (as a gift), the company insists on taking another mile, or at least preserving their right to seek another mile, no matter how frivolous or wasteful seeking that extra, undeserved mile might be." *Id.* ¶ 7.

These messages from Plaintiffs' counsel on September 16, 2022 followed an unsolicited email from Plaintiffs' counsel to Marden-Kane's counsel on September 15, 2022, apparently in response to Marden-Kane's suggestion during the meet-and-confer call that the parties might benefit from a settlement conference in the near future. The email, bearing the subject line "Just to be clear . . . ," stated:

> There is no world were (sic) a joint settlement occurs with both Defendants. **Would rather push your client around for the next two years or more for the heck of it**, than let them off the hook after the way they've chosen to handle things here. I'm sorry if you find my position in this regard offensive or uncalled for, but I view Marden-Kane's brazen scheming and taking advantage of my courtesies to date as equally offensive and uncalled for. **So they're going to get what they alone have asked for, one way or another.**

Hartnett Decl., Ex. B (emphasis added). Plaintiffs' counsel immediately followed this email to Marden-Kane's counsel with another email stating:

> And I'm not telling you this as a threat. I'm telling you this to save you from pitching a litigation or settlement strategy to them that has a zero-probability of ever occurring. They should plan to litigate with me, or settle with me, but either way, they're going to have to ignore anything I do or do not do with Coinbase.

Hartnett Decl. ¶ 9.

On September 17, 2022, in light of Plaintiffs' counsel's final email on Friday, September 16, 2022 referring to the "parties' jointly proposed litigation schedule," counsel for Coinbase clarified that since the parties "do not have agreement on a proposed schedule, Defendants will be submitting a separate proposed schedule to the Court," per the Court's Minute Entry. *Id.* ¶ 7-8. Plaintiffs' counsel then sent multiple emails in short succession to counsel for Defendants asking for "Defendants' proposed litigation schedule." *Id.* On Sunday, September 18, 2022, counsel for Coinbase sent Plaintiffs' counsel the schedule proposed herein, and again sought Plaintiffs' agreement. *Id.* Plaintiffs' counsel responded, in full: "Yeah no. Bye." *Id.*

Although Defendants regret having to bring the Court's attention to Plaintiffs' vexatious position that they will pursue litigation "for the heck of it," Defendants believe the Court should be aware of this threat and Plaintiffs' willingness to all but agree to a stay of litigation when addressing the timing and burdens of litigation imposed by whatever schedule the Court orders.

## DEFENDANTS' SCHEDULING PROPOSAL

The Court should enter Plaintiffs' proposed stay minus Plaintiffs' unreasonable conditions. Specifically, the Court should order: that all case deadlines be stayed pending the Ninth Circuit's ruling on Coinbase's arbitrability appeal; that the parties agree on a Stipulated Protective Order consistent with the Northern District's Model Protective Order (or, if they cannot agree on one, submit one for the Court's consideration by motion); that Defendants should serve objections and responses to the interrogatories denoted by Plaintiffs' counsel in his September 14, 2022 email within 21 days from the Court's scheduling order or 7 days after a protective order is entered by the Court, whichever is later; and that the parties should submit a status report and new proposed case deadlines within 10 days of the Ninth Circuit's ruling. This approach provides the information that Plaintiffs have identified as relevant to case value, allows for the protection of commercially sensitive information under a protective order as warranted, and otherwise ensures the parties do

not engage in unnecessary, costly litigation pending the Ninth Circuit's ruling.

Alternatively, Defendants propose the following case schedule, which defers class certification briefing and subsequent case deadlines until after the Ninth Circuit's ruling on arbitrability (and provides for specific timeframes for such deadlines), and which in the interim has Defendants answering the operative pleading and responding to Plaintiffs' First Sets of Interrogatories, but which defers all other discovery until after the Ninth Circuit's ruling. Although Plaintiffs' proposed stay with the conditions described above is preferable, this alternative approach also will preclude unnecessary litigation and promote the efficient resolution of this litigation:

| Event | Current Deadline/Date | Proposed Deadline/Date |
| --- | --- | --- |
| Answer | 10/12/2022 | 10/12/2022 |
| Defendants' Responses to Plaintiffs' First Sets of Interrogatories | None | 30 days from Court's issuance of scheduling order; any additional discovery deferred until after the Ninth Circuit rules on Coinbase's arbitrability appeal |
| L/D to file Plaintiffs' Motion for Class Certification | 10/14/2022 | 120 days after the Ninth Circuit rules on Coinbase's arbitrability appeal (assuming arbitration is not compelled) |
| L/D to conduct ADR | 10/31/2022 | Defendants propose ADR to be completed after class certification briefing is completed but before the class certification hearing (assuming arbitration is not compelled) |
| L/D to file Defendants' Opposition to Motion for Class Certification | 11/18/2022 | 28 days after Plaintiffs file motion for class certification |
| L/D to file Plaintiffs' Reply ISO Motion for Class Certification | 12/16/2022 | 21 days after Defendants file opposition(s) to motion for class certification |
| Hearing on Motion for Class Certification | 1/9/2023 | 30 days after Plaintiffs' reply brief is filed or on a date convenient to the Court |
| Close of Fact Discovery | 4/7/2023 | 120 days after a decision on class certification |
| Initial Expert Disclosures | 4/7/2023 | 200 days after a decision on class certification |
| Rebuttal Expert Disclosures | 5/5/2023 | 45 days after initial expert disclosures are served |
| Close of Expert Discovery | 6/2/2023 | 30 days after rebuttal expert disclosures are served |
| L/D to file Opening Brief for MSJ | 8/21/2023 | 60 days after expert discovery closes |

| | | |
|---|---|---|
| L/D to file Opposition | 9/5/2023 | 28 days after MSJ opening brief |
| L/D to file Reply | 9/19/2023 | 21 days after MSJ opposition |
| L/D for Hearing on MSJ | 10/16/2023 | 30 days after final MSJ brief filed or on a date convenient to the Court |
| Daubert motions | None | 60 days after expert discovery closes |
| Pretrial Conference | 12/15/2023 at 1:30pm | 60 days after ruling on Daubert motions |
| Trial | 1/16/2024 8:30am | TBD |

[Document continues on following page]

# CONCLUSION

The Court should enter a scheduling order consistent with the first proposal above, which is essentially the same schedule that Plaintiffs proposed during the parties' meet and confer except (1) it requires the parties to agree on a Protective Order (or, to the extent Plaintiffs object to the entry of a Protective Order, calls for Defendants to submit a proposed Protective Order to the Court by motion) and (2) it does not require Coinbase to waive its right to seek any further stay after the Ninth Circuit's ruling.

Alternatively, the Court should enter a scheduling order consistent with the second proposal above.

Dated: September 19, 2022

Respectfully submitted,

COOLEY LLP

By: */s/ Kathleen R. Hartnett*
     Kathleen R. Hartnett

Attorneys for Defendant
COINBASE, INC.

VENABLE LLP

By: */s/ Laura A. Wytsma*
     Laura A. Wytsma

Attorneys for Defendant
MARDEN-KANE, INC.

## ATTESTATION OF SIGNATURES

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 19, 2022

COOLEY LLP

By: */s/ Kathleen R. Hartnett*
Kathleen R. Hartnett

Attorneys for Defendant
COINBASE, INC.