1    COOLEY LLP
MICHAEL G. RHODES (116127)
2    (rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
3    (tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
4    (khartnett@cooley.com)
BETHANY C. LOBO (248109)
5    (blobo@cooley.com)
3 Embarcadero Center, 20th Floor
6    San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
7    Facsimile:    +1 415 693 2222

8    Attorneys for Defendant
COINBASE, INC.
9

10   JEFFREY R. KRINSK (109234)
jrk@classactionlaw.com
11   DAVID J. HARRIS, JR. (286204)
djh@classactionlaw.com
12   FINKELSTEIN & KRINSK LLP
501 West Broadway, Suite 1260
13   San Diego, California 92101
Telephone: (619) 238-1333
14   Facsimile: (619) 238-5425

15

16   Attorneys for Plaintiffs and
the Putative Class

VENABLE LLP
LAURA A. WYTSMA (189527)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
lawytsma@venable.com
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant
MARDEN-KANE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, and THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      v.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>             Defendants. | Case No. 3:21-cv-04539-SK<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME OF CERTAIN CASE DEADLINES AND EVENTS** |

STIPULATION AND [PROPOSED]
ORDER TO EXTEND TIME
CASE NO. 3:21-CV-04539-SK

Pursuant to Local Civil Rules 6-1(b), 6-2, and 7-12, Plaintiffs and Defendants Coinbase, Inc. ("Coinbase") and Marden-Kane, Inc. ("Marden-Kane") stipulate as follows:

WHEREAS, on September 21, 2022, following the Court's August 31, 2022 Order resolving Defendants' motions to dismiss or compel arbitration of the Third Amended Complaint (Dkt. 113), the Court issued an Order Regarding Case Schedule setting pre-trial deadlines and events in this litigation (ECF No. 120);

WHEREAS, on February 11, 2022, Coinbase filed a Notice of Appeal from the Court's January 11, 2022 order denying Coinbase's motion to compel arbitration (ECF No. 53), docketed with the Ninth Circuit as Appeal No. 22-15209;

WHEREAS, oral argument before the Ninth Circuit in Coinbase's Appeal No. 22-15209 is currently set for November 18, 2022;

WHEREAS, on September 30, 2022, Marden-Kane and Coinbase filed Notices of Appeal from the Court's August 31, 2022 Order (ECF Nos. 122, 123), docketed with the Ninth Circuit as Appeal Nos. 22-16508 and 22-16506;

WHEREAS, the United States Supreme Court currently has under consideration Coinbase's Joint Petition for Writ of Certiorari (Docket No. 22-105) in this case and in *Coinbase v. Bielski* (Ninth Circuit Appeal No. 22-15566), presenting the question whether, contrary to the Ninth Circuit's approach, a non-frivolous appeal of the denial of a motion to compel arbitration ousts a district court's jurisdiction to proceed with litigation pending that appeal;

WHEREAS, counsel for Plaintiffs stated to the Supreme Court in Plaintiffs' October 31, 2022 Response In Support of Granting Coinbase's Joint Petition for Writ of Certiorari that the Supreme Court should grant Coinbase's Joint Petition on this question "of nationwide importance";

WHEREAS, the parties agree that, in light of the multiple proceedings presently before the Ninth Circuit and Supreme Court, judicial economy and efficiency would be best served by extending current deadlines and events in the District Court litigation pending the Ninth Circuit's decision on Coinbase's first appeal, Appeal No. 22-15209, with the parties agreeing not to undertake further discovery until the Ninth Circuit issues its decision on Coinbase's first appeal;

WHEREAS, the parties agree that a stipulated extension of deadlines as proposed herein

STIPULATION AND [PROPOSED]
ORDER TO EXTEND TIME
CASE NO. 3:21-CV-04539-SK

and their agreement not to undertake further discovery until the Ninth Circuit issues its decision on Coinbase's first appeal should have no effect on the Supreme Court's consideration of the Joint Petition and whether Supreme Court review is warranted;

WHEREAS, the Court has previously modified the case schedule pursuant to the parties' joint stipulations on the following dates: August 24, 2021 (ECF No. 21), September 24, 2021 (ECF No. 30), October 20, 2021 (ECF No. 35), December 9, 2021 (ECF No. 44), January 26, 2022 (ECF No. 55), February 7, 2022 (ECF No. 57), May 20, 2022 (ECF No. 85), and July 14, 2022 (ECF No. 95);

WHEREAS, the parties intend to confer following the Ninth Circuit's decision on Coinbase's first appeal, Appeal No. 22-15209, regarding the status of the other Ninth Circuit and Supreme Court proceedings to determine whether the parties believe any further proposed adjustments to this Court's case schedule are warranted:

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that certain deadlines and events in the September 21, 2022 Order Regarding Case Schedule (ECF No. 120) be extended, subject to this Court's approval, pending the Ninth Circuit's resolution of Coinbase's first appeal, Appeal No. 22-15209, to be argued on November 18, 2022. Specifically, the parties respectfully request that the Court enter an order extending the deadlines and events set forth in ECF No. 120 as follows:

Alternative Dispute Resolution (current deadline March 24, 2023):   200 days after the mandate has issued in Ninth Circuit Appeal No. 22-15209;

Plaintiffs' motion for class certification (current deadline April 28, 2023): 235 days after the mandate has issued in Ninth Circuit Appeal No. 22-15209;

Defendant's opposition to class certification motion (current deadline May 26, 2023): 263 days after the mandate has issued in Ninth Circuit Appeal No. 22-15209;

Plaintiffs' reply supporting class certification motion (current deadline June 16, 2023): 284 days after the mandate has issued in Ninth Circuit Appeal No. 22-15209;

Hearing on motion for class certification (currently scheduled for July 10, 2023): approximately 310 days after the mandate has issued in Ninth Circuit Appeal No. 22-15209 (to be

1   scheduled at the Court's convenience).

2        Close of fact discovery (current deadline October 20, 2023): 400 days after the mandate has

3   issued in Ninth Circuit Appeal No. 22-15209.

4

5                                          Respectfully Submitted,

6

7   Dated: November 10, 2022              COOLEY LLP

8

9                                          By: /s/ Kathleen R. Hartnett
                                               Kathleen R. Hartnett

10                                         Attorneys for Defendant

11                                         COINBASE, INC.

12  Dated: November 10, 2022              VENABLE LLP

13

14                                         By: /s/ Laura A. Wytsma

15                                             Laura A. Wytsma

16                                         Attorneys for Defendant
                                           MARDEN-KANE, INC.

17

18  Dated: November 10, 2022              FINKELSTEIN & KRINSK LLP

19

20                                         By: /s/ David J. Harris, Jr.
                                               David J. Harris, Jr.

21                                         Attorneys for Plaintiffs

22                                         DAVID SUSKI, JAIMEE MARTIN, JONAS
                                           CALSBEEK, THOMAS MAHER

23

24

25

26

27

28

STIPULATION AND [PROPOSED]
ORDER TO EXTEND TIME
CASE NO. 3:21-CV-04539-SK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ATTESTATION OF SIGNATURES</u>

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: November 10, 2022                              By: <u>/s/ *David J. Harris, Jr.*</u>

1

**[PROPOSED] ORDER**

2        PURSUANT TO STIPULATION, IT IS SO ORDERED that the deadlines in the Court's

3   September 21, 2022 Scheduling Order (ECF No. 120) are extended as follows:

4        Alternative Dispute Resolution:  200 days after the mandate has issued in Ninth Circuit

5   Appeal No. 22-15209;

6        Plaintiffs' motion for class certification: 235 days after the mandate has issued in Ninth

7   Circuit Appeal No. 22-15209;

8        Defendant's opposition to class certification motion: 263 days after the mandate has issued

9   in Ninth Circuit Appeal No. 22-15209;

10       Plaintiffs' reply supporting class certification motion: 284 days after the mandate has issued

11  in Ninth Circuit Appeal No. 22-15209;

12       Hearing on motion for class certification: approximately 310 days after the mandate has

13  issued in Ninth Circuit Appeal No. 22-15209.

14       Close of fact discovery: 400 days after the mandate has issued in Ninth Circuit Appeal No.

15  22-15209.

16

17  **IT IS SO ORDERED.**

18

19  Dated: November __, 2022                    By: _____

20                                                  Hon. Sallie Kim
                                                    United States Magistrate Judge
21

22

23

24

25

26

27

28