UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, and THOMAS MAHER,<br><br>Plaintiffs,<br><br>v.<br><br>COINBASE GLOBAL, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**DECLARATION OF DAVID J. HARRIS, JR. IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER TO EXTEND TIME OF CERTAIN CASE DEADLINES AND EVENTS** |

I, David J. Harris, Jr., declare as follows:

1. I am an attorney admitted to practice law before the United States District Court for the Northern District of California. I am an attorney in the law firm of Finkelstein & Krinsk LLP, and lead trial counsel for Plaintiffs in the above-captioned action. I make this declaration in support of the Stipulation and [Proposed] Order to Extend Time of Certain Case Deadlines and Events.

2. On September 21, 2022, following the Court's August 31, 2022 Order resolving Defendants' motions to dismiss or compel arbitration of the Third Amended Complaint (Dkt. 113), the Court issued an Order Regarding Case Schedule setting pre-trial deadlines and events in this litigation (ECF No. 120).

3. Currently before the Ninth Circuit are two appeals from Coinbase in relation to the Court's denial of Coinbase's motions to compel arbitration, docketed as Appeal No. 22-15209 and No. 22-16506. Oral argument for Appeal No. 22-15209 is scheduled for November 18, 2022.

4. Also before the Ninth Circuit is Marden-Kane's pending appeal from the Court's August 31, 2022 Order denying Marden-Kane's motion to compel arbitration, docketed as Appeal No. 22-16508.

5. The United States Supreme Court is currently considering Coinbase's Joint Petition for Writ of Certiorari (Docket No. 22-105) in this case and in *Coinbase v. Bielski* (Ninth Circuit Appeal No. 22-15566), presenting the question whether, contrary to the Ninth Circuit's approach, a non-frivolous appeal of the denial of a motion to compel arbitration ousts a district court's jurisdiction to proceed with litigation pending that appeal. Plaintiffs, now "the *Suski* Respondents" before the Supreme Court, have taken the position that the Supreme Court should grant Coinbase's Joint Petition, and decide the extent to which district courts have discretion to conduct merits proceedings pending an appeal on arbitrability. *See* https://www.supremecourt.gov/DocketPDF/22/22-105/244437/20221031163906368_SuskiRespondents%20MAIN%20Oct%2031%202022%20E%20FILE.pdf (last visited Nov. 4, 2022).

6. On Friday October 28, 2022, I conferred with Coinbase's counsel to discuss the District Court litigation, and all pending Ninth Circuit and Supreme Court proceedings. The parties

agreed that, in light of the multiple, interrelated proceedings presently before the Ninth Circuit and the Supreme Court, judicial economy and efficiency would be best served by extending current deadlines and events in the District Court litigation, pending the Ninth Circuit's decision on Coinbase's first appeal, Appeal No. 22-15209.

7. The parties also agreed not to undertake further, potentially unnecessary discovery until the Ninth Circuit issues its decision on Coinbase's first appeal.

8. The parties intend to confer again after the Ninth Circuit's decision on Coinbase's first appeal, Appeal No. 22-15209, regarding the status of all remaining Ninth Circuit and Supreme Court proceedings, to determine whether the parties believe any further proposed adjustments to the District Court case schedule would be prudent at that time. The parties anticipate that, once the Ninth Circuit decides Coinbase's first appeal, the parties will have greater clarity on whether and how the remaining Ninth Circuit and Supreme Court proceedings will move forward.

9. The parties have further agreed that an extension of deadlines, as proposed in the stipulation, should have no effect on the Supreme Court's consideration of the Joint Petition or on whether Supreme Court review is warranted.

10. The Court has previously modified the case schedule pursuant to the parties' joint stipulations on the following dates: August 24, 2021 (ECF No. 21), September 24, 2021 (ECF No. 30), October 20, 2021 (ECF No. 35), December 9, 2021 (ECF No. 44), January 26, 2022 (ECF No. 55), February 7, 2022 (ECF No. 57), May 20, 2022 (ECF No. 85), and July 14, 2022 (ECF No. 95).

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California on November 10, 2022.

/s/ David J. Harris, Jr.
David J. Harris, Jr., Esq.

3

DAVID J. HARRIS, JR. DECL.
CASE NO. 3:21-CV-04539-SK