**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, AND THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COINBASE, INC. and MARDEN-KANE, INC., <br><br> Defendants. | Case No. 3:21-cv-04539-SK <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Now before the Court is Plaintiffs' unopposed motion for preliminary approval of class action settlement. The Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS preliminary approval of the Settlement based upon the terms set forth in the Settlement, which is attached as Exhibit 1 to the Declaration of David J. Harris, Jr. The Settlement appears to be fair, adequate, and reasonable for Settlement Class Members.

2. All capitalized terms defined in the Settlement shall have the same meaning when referenced in this Order.

3. The Settlement falls within the range of reasonableness of a class action settlement that is likely to be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the final approval hearing and any final approval by this Court. The Court notes that Defendants Coinbase, Inc. ("Coinbase") and Marden-Kane, Inc. ("Marden-Kane") (together with Coinbase, "Defendants") have agreed to pay a Cash Settlement Amount of $2,250,000.00, which shall encompass all compensation to the Settlement Class, inclusive of a attorney's fees and expense award to Class Counsel, service awards to the named Plaintiffs for their contributions in prosecuting the Class's Claims, and all administrative costs of carrying out the Settlement's terms.

4. The Court finds that the Settlement is the result of arms-length negotiations between the parties and extensive mediation efforts conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses. The assistance of experienced mediators in the settlement process further suggests that the Settlement is reasonable and non-collusive.

5. In accordance with the Settlement, the Court hereby preliminarily certifies the following class for settlement purposes only: "All U.S. persons who opted into the June 2021 Dogecoin sweepstakes sponsored by Coinbase, Inc., and who bought, sold, or traded Dogecoins on the Coinbase trading platform for an aggregate $100 (USD) or more between June 3, 2021 and June 10, 2021, inclusive."

1

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

6. The Court hereby preliminarily finds, for purposes of the Settlement only, that the proposed Settlement Class satisfies all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

7. With respect to the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court makes the following findings for Settlement purposes:

   a. The Settlement Class, which has approximately 447,644 members, satisfies the standard for numerosity in Federal Rule of Civil Procedure 23(a)(1).

   b. There are questions of fact and law that are common among Settlement Class Members regarding Defendants' disclosures and advertisements of the June 2021 Dogecoin Sweepstakes, thus satisfying the standard for commonality in Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiffs and all Settlement Class Members assert the same legal claims against Defendants for violations of the Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq.*, and of the False Advertising Law, California Business and Professions Code §§ 17500, *et seq.*, thereby satisfying the typicality requirement of Federal Rule of Civil Procedure (a)(3).

   d. The Court finds that Harris LLP will fairly and adequately represent the Class, and appoints that firm as Class Counsel.

   e. The Court finds that Plaintiffs David Suski, Jaimee Martin, Jonas Calsbeek, and Thomas Maher will fairly and adequately represent the Class, and thus appoints them as Class Representatives.

   f. The Court finds that common questions of law and fact predominate over individualized issues, because the claims arise from (i) whether Defendants falsely or misleadingly advertised the entry requirements for the June 2021 Dogecoin Sweepstakes; (ii) whether Defendants unclearly or inconspicuously disclosed the free method of entry into the Dogecoin Sweepstakes; and (iii)

2

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

whether Defendants are liable for payments made by Settlement Class Members for their entries into the Sweepstakes.

g. The Court further finds the superiority requirement of Federal Rule of Civil Procedure 23(b)(3) satisfied, as any Settlement Class Member's recovery on an individual basis would be far exceeded by the costs of individualized litigation.

8. The Court approves Simpluris, Inc. ("Administrator") to perform the duties of the Administrator as set forth in this Order and the Settlement Agreement.

9. The Court finds that the proposed Class Notices comport with Federal Rule of Civil Procedure 23 and all Constitutional requirements, including those of due process.

10. Within seven (7) calendar days of the Court's preliminary approval of the Settlement, Coinbase will provide the Administrator with the following information for each Class Member: (a) name; (b) last known email address; (c) last known mailing address; and (d) the approximate U.S. dollar amount that the Class Member incurred in Transaction Fees and Spreads for trading, purchasing, or selling their first $100 in Dogecoins on the Coinbase trading platform between June 3, 2021 and June 10, 2021 (inclusive); and (5) whether the account that incurred such Transaction Fees and Spreads remains open and enabled with respect to U.S. dollar transmissions.

11. Within twenty-five (25) calendar days after Preliminary Approval, the Administrator shall send the Class Notices to Settlement Class Members in the manner specified in the Settlement.

12. The Court orders that any request for exclusion from the Settlement must, in order to be timely and valid, be postmarked no later than **ninety (90)** calendar days after entry of this Preliminary Approval Order; include the Class Member's name, address, and telephone number; state that the Class Member wants to be excluded from the Settlement in *Suski et al. v. Coinbase, Inc., et al.*, Case No. 3:21-cv-04539-SK, and that the Class Member understands that they will receive no money from the Settlement; and must be personally signed and dated by the Class Member.

13. If more than 1,000 (one thousand) Settlement Class Members submit timely and valid exclusion requests, then Defendants shall have the option to void the Settlement. To exercise that

3

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

option, Defendants' Counsel must send written notification to Class Counsel within ten (10) calendar days after the deadline for Class Members to request exclusion.

14. Any Class Member who does not timely and validly request exclusion from the Settlement may object to the Settlement Agreement. Objections must be filed with the Court electronically or in person, or alternatively, mailed via first-class mail to the Clerk of the Court, with copies sent to Class Counsel and Defendants' counsel of record in the Action. To be valid and considered by the Court, any objection must: state the objector's full name, address, and telephone number; include the case name and case number of this Action, *Suski et al. v. Coinbase, Inc., et al.*, Case No. 3:21-cv-04539-SK; explain the bases upon which the objector claims to be a Settlement Class Member; identify any counsel representing the objector, including any current or former counsel who may be entitled to compensation for any reason related to the objection; state each objection the Class Member is raising and the specific legal and factual bases for each objection, identify all documents which the Class Member asks the Court to consider; state whether each objection is intended to apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; disclose the number of times in which the Class Member has objected to a class action settlement in the past five (5) years, including the caption of each case in which the objector has made such objection; list all persons (whether *pro se* or through representation) who may testify or argue at the Final Approval Hearing; and identify all counsel who represent the objector; indicate whether the objector (whether pro se or through representation) intends to testify at the Final Approval Hearing; and be personally signed by the Class Member (an attorney's signature alone will not suffice). To be timely, any and all objection papers must be filed or postmarked no later than **ninety (90)** calendar days after entry of this Preliminary Approval Order. Any Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this Order may be deemed to have waived, and be foreclosed from raising, any such objection.

4

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

15. The Final Approval Hearing shall be held before this Court on November 10, 2025 at 9:30 a.m. via Zoom, pursuant to this Court's instructions for public hearings available on the following webpage (https://cand.uscourts.gov/judges/kim-sallie-sk/#:~:text=Please%20click%20the%20link%20below%20to%20join%20webinars,brought%20into%20the%20proceeding%20by%20court%20staff.%20https%3A%2F%2Fcand-uscourts.zoomgov.com%2Fj%2F1619779783%3Fpwd%3DbjY0ZWxXT2JRbDRjd0JmZC9RMG5WUT09) to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order, and the motion of Class Counsel for an award of reasonable attorneys' fees, expenses and Class Representative Service Awards.

16. Any party to this case, including any Settlement Class Member, may be heard in person or by counsel, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and expenses, the requested Class Representative Service Awards, and any order of final approval and judgment regarding such Settlement, fees, expenses, and awards; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Class Notices and this Order.

17. The Court orders that if for any reason the Court does not execute and file an order of final approval of the Settlement, or if any such final approval order or judgment is reversed, then the Settlement shall be deemed null and void and otherwise treated in accordance with the terms of the Settlement preliminarily approved by this Order.

18. The Court hereby orders that the Settlement shall not be construed as any admission or evidence of liability.

19. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement are stayed.

/ / /

/ / /

5

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

20. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Date: July 3, 2025

Hon. Sallie Kim
United States Magistrate Judge

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT