**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, AND THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' FED. R. CIV. P. 23(e) MOTION FOR SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES** |

Plaintiffs' Fed. R. Civ. P. 23(e) Motion for Service Awards, Attorneys' Fees and Expenses ("Fee Motion") came before this Court for hearing on November 10, 2025. The Court, having fully reviewed Plaintiffs' Fee Motion, the accompanying Memorandum of Law, the Declaration of David J. Harris, Jr. and other evidence filed in support thereof, hereby GRANTS Plaintiffs' Fee Motion for the reasons set forth below.

1. The Court finds that Class Counsel's request for $750,000 in attorneys' fees is reasonable when analyzed under either the lodestar method or the percentage-of-recovery method. *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).

2. Specifically, under the lodestar method, the Court finds that Class Counsel has adequately documented and justified their expenditure of 3,651.5 total attorney hours. This number of hours is reasonable when accounting for, among other proceedings: several complex pleadings, substantial fact discovery, three dispositive motions in this Court, multiple interlocutory appeals, and two full merits cases before the Supreme Court of the United States.

3. The Court further finds that Class Counsel's hourly rates of $750 and $650, respectively, are reasonable market rates for lawyers of comparable skill and experience in this District. Class Counsel's rates are close to the midpoint for numerous, privately surveyed rates within this jurisdiction and are in keeping with the rates previously approved by other courts for Class Counsel, in comparable litigation.

4. The Court thus finds that Class Counsel's lodestar calculation is reasonable, and that Class Counsel's request for $750,000 in fees represents a fraction, rather than a multiple, of their reasonable lodestar. The lodestar method counsels strongly in favor of approving Class Counsel's fee request.

5. Under the percentage-of-recovery method, a common "starting point" for evaluation is 25% of the Settlement Fund. *Vizcaino*, 290 F.3d at 1048. Such a percentage, however, provides "at best a rough estimate" for fees, *Hyundai*, 926 F.3d at 570, and "may be in appropriate in some

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

cases." *Vizcaino*, 290 F.3d at 1048. Courts abuse their discretion in granting or denying fee requests, if they take "a mechanical or formulaic approach" using the percentage method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

6. In this case, the Court finds and concludes that several factors reasonably support Class Counsel's request for attorneys' fees totaling one third (33.33%) of the $2,250,000.00 Settlement Fund. First, as discussed above, this represents only a fraction of Class Counsel's reasonable lodestar in the case. Second, Class Counsel has provided Class Members with an exceptional quality of representation through multiple, complex proceedings that involved novel questions of law and fact. Third, Class Counsel assumed uncommon fee-shifting risks to pursue a Class-wide recovery, in addition to the significant contingency risks normally inherent in class actions. Fourth, granting Class Counsel's fee request still affords Class Members a reasonable, net recovery on their settled claims. *See* Declaration of John Huang (Dkt. 189-6), ¶5. Fifth, the size of the Settlement Fund, coupled with the Class's recovery, supports awarding Class Counsel's requested fees totaling one third of the Settlement Fund.

7. The Court further finds and concludes that Class Counsel's sufficiently documented request for the reimbursement of $75,000 in expenses is reasonable, particularly after four years of complex litigation proceedings in all three levels of the federal courts.

8. Finally, the Court finds that Plaintiffs' requested Service Awards of $7,000 each are reasonable, in light of their substantial contributions to this Action. In addition to their time and energies spent on this case, the Plaintiffs here undertook significant, personal financial risks to vindicate the Class's interests. The fee-shifting risks undertaken by Plaintiffs went far beyond the types of risks ordinarily faced by the named plaintiffs in many other class actions. The Court concludes that a $7,000 Service Award for each Plaintiff constitutes reasonable compensation for their personal risks and efforts put forth in recovering millions of dollars for this Class.

9. For the foregoing reasons, the Court hereby GRANTS Plaintiffs' Fed. R. Civ. P. 23(e) Motion for Service Awards, Attorneys' Fees and Expenses, and awards Class Counsel $750,000.00

1  in attorneys' fees plus $75,000.00 in litigation expenses, and further awards each named Plaintiff a
2  Class Representative Service Award in the amount of $7,000.00.
3          IT IS SO ORDERED.
4
5  Date: _____                    _____
6                                                Hon. Sallie Kim
                                                 United States Magistrate Judge
7

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT