**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID SUSKI, JAIMEE MARTIN, JONAS CALSBEEK, AND THOMAS MAHER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COINBASE, INC. and MARDEN-KANE, INC.,<br><br>Defendants. | Case No. 3:21-cv-04539-SK<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter comes before the Court upon Plaintiffs' Motion for Service Awards, Attorneys' Fees, and Expenses (Dkt. 200), and Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 201). Having carefully considered all motion papers, relevant legal authorities, and the full record in this case, the Court hereby GRANTS both motions for the reasons set forth below.[1]

## ANALYSIS

A court may approve a proposed class action settlement only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2).

### A. Final Approval of the Settlement

Courts need not address whether a class settlement is ideal or presents the best possible outcome, but instead, "only whether the settlement is fair, free of collusion, and consistent with plaintiff[s'] fiduciary obligations to the class." *Salinas v. Block, Inc.* No. 22-cv-04823-SK, 2025 WL 1070754, at *1 (N.D. Cal. Mar. 27, 2025) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). The Ninth Circuit has "identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant [if any]; and (8) the reaction of class members to the proposed settlement." *Id.* (citing *Hanlon*, 150 F.3d at 1026); *see also Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575-77 & n.7 (9th Cir. 2004) (analyzing the *Hanlon* factors, while noting that they are "non-exclusive"). "District courts may consider some or all of these factors," and "[n]o one factor is dispositive." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121, 1127 (9th Cir. 2020).

As the Court previously determined in its Preliminary Approval Order, the Settlement is "fair, adequate, and reasonable for Settlement Class Members" under the totality of circumstances in this

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Settlement. Dkt. 189-2.

case. Dkt. 195, ¶1. The Cash Settlement Amount of $2.25 million is well within the bounds of reasonableness, given the likely value of the Class's claims and the risks, costs and delays associated with future stages of this Action. Declaration of John Huang (Dkt. 189-6) ("Huang Declaration"), ¶¶4-5; Declaration of David J. Harris, Jr. (Dkt. 189-1) ("Harris Declaration"), ¶¶43-48; *see also In re LinkedIn User Privacy Litig.,* 309 F.R.D. 573, 587 (N.D. Cal. 2015) ("Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation.").

Plaintiffs and Class Counsel vigorously litigated this case for several years, through multiple dispositive motions, Ninth Circuit appeals, and Supreme Court proceedings. *See* Dkt. 201 at 4-9. They conducted substantial, formal and informal discovery before negotiating a settlement with the help of experienced mediators. *Id.* The Court therefore finds "no evidence to suggest that the settlement was negotiated in haste or [without] information illuminating the value of plaintiffs' claims." *Hanlon*, 150 F.3d at 1027.

Additionally, "the absence of a large number of objections to a proposed class action settlement raises a strong presumption" in favor of final approval. *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526-27 (C.D. Cal. 2004) (collecting cases); *see also Pedraza v. Pier 1 Imports U.S., Inc.*, No. 8:16-cv-01447-JLS-DFM, 2018 WL 11327201, at *4 (C.D. Cal. June 19, 2018) (recognizing that a "small number of opt-outs . . . weighs in favor of granting final approval"). The deadline for Class Members to request exclusion or object to the Settlement was October 1, 2025. *See* Dkt. 195, ¶¶12, 14. Out of hundreds of thousands of Class Members who received Class Notice, just one (1) Class Member has requested exclusion from the Settlement, and no Class Member has timely objected to the Settlement's terms. *See* Declaration of Anne-Marie Marra Regarding Class Notice and Settlement Administration (Dkt. 201-1) ("Marra Declaration"). Such a positive, aggregate response from Settlement Class Members further supports final approval.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Although pre-certification class settlements require additional "scrutiny," beyond the *Hanlon* factors alone, pre-certification settlements are approvable absent "evidence of collusion or other conflicts of interest." *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011). "Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992). The Ninth Circuit has identified "subtle signs" of collusion and conflicts of interest that may undermine the approvability of class settlements: (1) outsized fee requests by class counsel, "or when the class receives no monetary distribution"; (2) "clear sailing" terms, which "provid[e] for the payment of attorneys' fees separate and apart from the class funds"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Bluetooth*, 654 F.3d at 947. No warning signs exist here.

The Settlement gives Class Members seven figures in automatic, "monetary distribution[s]," in direct proportion to their alleged financial injuries. *Id.*; Dkt. 201 at 9-10. And as detailed below, Class Counsel's attorneys' fees are reasonable, under either a lodestar analysis or a percentage-of-recovery analysis. Dkt. 200. There is no "clear sailing" provision, reversionary provision, or other provision of the Settlement that evidences collusion or conflicts of interest in the Parties' negotiations. *Bluetooth*, 654 F.3d at 947. Far from suggesting "fraud or overreaching by . . . the negotiating parties," *City of Seattle*, 955 F.2d at 1290, the Parties' extensive work here with experienced mediators further suggests a fair and reasonable result for the Settlement Class. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (affirming final approval, and noting that "[w]e put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution").

For the foregoing reasons, the Court finds and concludes that the Settlement is sufficiently "fair, adequate, and reasonable" to warrant final approval. *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 569 (9th Cir. 2019).

**B. Settlement Class Certification and Class Notice**

For purposes of effectuating the settlement, Plaintiffs seek final certification of the following class:

> All U.S. persons who opted into the June 2021 Dogecoin sweepstakes sponsored by Coinbase, Inc., and who bought, sold, or traded Dogecoins on the Coinbase trading platform for an aggregate $100 (USD) or more between June 3, 2021 and June 10, 2021, inclusive.

Dkt. 201 at 1. For the reasons enumerated in its Preliminary Approval Order, the Court continues to find and conclude that Class certification is appropriate for Settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3). *See* Dkt. 195, ¶¶5-7.

Notably, Fed. R. Civ. P. 23 and due process require courts to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). Notice of a class action settlement should be reasonably calculated to apprise class members of the settlement's terms and give class members the opportunity to object to or opt out of the settlement. *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

The Settlement Administrator here, Simpluris, Inc., sent direct notices to Class Members, using their latest available contact information. *See generally* Marra Declaration. The Administrator delivered Class Notices by mail or e-mail, as applicable. *Id.* The direct notices further prompted Class Members to visit a dedicated Settlement Website containing a long form notice, the full Settlement Agreement, and other documents and information relevant to this Action and Settlement. *Id.* The Class Notice program thus comported with due process, and constituted the best notice practicable in a consumer case such as this. *Phillips Petrol. Co. v. Shutts*, 472 U.S 797, 812 (1985).

**C. Attorneys' Fees and Expenses**

The Court finds that Class Counsel's request for $750,000 in attorneys' fees is reasonable when analyzed under either the lodestar method or the percentage-of-recovery method. *See Hyundai*, 926 F.3d at 570; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).

Specifically, under the lodestar method, the Court finds that Class Counsel has adequately documented and justified their expenditures of 3,651.5 total attorney hours, over the course of four years. Such hours are reasonable when accounting for, among other proceedings: several class pleadings, substantial fact discovery, three dispositive motions in this Court, multiple Ninth Circuit appeals, and two certiorari petitions and merits cases before the Supreme Court. Class Counsel's hourly rates of $750 and $650, respectively, are also fair market rates for lawyers of comparable skill and experience in this District. *See* Dkt. 200. The Court thus concludes that Class Counsel's lodestar is reasonable, and that their request for $750,000 in attorneys' fees is a fraction, rather than a multiple, of their reasonable lodestar; this counsels in favor of approving Class Counsel's fees.

As a cross-check, using the percentage method, a typical "starting point" for evaluation is 25% of the Settlement Fund. *Vizcaino*, 290 F.3d at 1048. Such a percentage, however, provides "at best a rough estimate" for fees, *Hyundai*, 926 F.3d at 570, and "may be in appropriate in some cases." *Vizcaino*, 290 F.3d at 1048. Courts abuse their discretion in granting or denying fee requests, if they take "a mechanical or formulaic approach" using the percentage method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

In this case, the Court finds that several significant factors support Class Counsel's request for attorneys' fees, totaling one third (33.33%) of the $2,250,000.00 Settlement Fund. First, such an amount yields a minority fraction of Class Counsel's reasonable lodestar. Second, Class Counsel has provided high-quality representation for Class Members throughout many complex proceedings, involving novel issues of law and fact in this Court, the Ninth Circuit, and the Supreme Court. Third, in addition to the contingency risks inherent in most class actions, Class Counsel here assumed substantial fee-shifting risks in their pursuit of a meaningful, Class-wide recovery. Fourth, granting Class Counsel's fee request affords Class Members a reasonable, net recovery relative to the value their settled claims. Each of these factors supports awarding Class Counsel attorneys' fees totaling one third of the Settlement Fund. Dkt. 200.

The Court further finds that Class Counsel has properly documented their request for reimbursement of $75,000 in out-of-pocket expenses, and that such an expense total is reasonable after four years of complex litigation, appellate, and Supreme Court proceedings. *Id.*

### D. Service Awards

Finally, the Court finds that Plaintiffs' Service Awards of $7,000 each are reasonable in light of Plaintiffs' substantial contributions to this Action and Settlement. In addition to their time and energies expended litigating and resolving this case, the Plaintiffs here assumed significant, personal financial risks to vindicate the Class's rights. The contractual fee-shifting risks undertaken by Plaintiffs went well beyond the types of risks ordinarily faced by named plaintiffs in class action lawsuits. The Court thus concludes that a $7,000 Service Award, for each Plaintiff, constitutes fair compensation for the personal effort and risk that each Plaintiff undertook in recovering millions of dollars for the Settlement Class. Dkt. 200.

### CONCLUSION

After carefully reviewing the relevant evidence, legal standards, and the full record in this case, the Court finds that the parties' Settlement (Dkt. 189-2) is fair, reasonable and adequate under Fed. R. Civ. P. 23(e). The Court therefore GRANTS Plaintiffs' Motion for Final Approval of Class Action Settlement. Dkt. 201. In addition, the Court GRANTS Plaintiffs' Motion for Service Awards, Attorneys' Fees, and Expenses. Dkt. 200.

The Court hereby ORDERS the Parties and Administrator to perform their respective obligations as provided in the Settlement (Dkt. 189-2), which is incorporated by this reference and made a part of this Final Approval Order. The Court AWARDS Class Counsel $750,000 in attorneys' fees, plus $75,000 in litigation costs, for a total Fee & Expense Award of $825,000. Plaintiffs' Third Amended Class Action Complaint (Dkt. 83) and the entirety of this Action are hereby DISMISSED WITH PREJUDICE.

The Court hereby GRANTS final certification of the Settlement Class defined herein. Plaintiffs and all Members of the Settlement Class SHALL be bound by this Final Approval Order

and by all terms of the Settlement (Dkt. 189-2), except for the one Class Member identified in Exhibit E to the Declaration of Anne-Marie Marra (Dkt. 201-1), who has timely and validly requested exclusion from the Settlement Class.

Pursuant to this District's Guidance for Class Action Settlements, the Court hereby ORDERS the Parties to file a post-distribution accounting of the Settlement Fund, no later than twenty-one (21) days after all Settlement checks have become stale.

**IT IS SO ORDERED.**

Date: November ___, 2025               _____
                                        Hon. Sallie Kim, United States Magistrate Judge