1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID SUSKI, et al.,                    Case No. 21-cv-04539-SK

8              Plaintiffs,

9         v.                                 **ORDER ON MOTION FOR FINAL
                                             APPROVAL OF CLASS ACTION
10   MARDEN-KANE, INC., et al.,              SETTLEMENT AND ATTORNEY'S
                                             FEES**
11             Defendants.

12                                           Regarding Docket Nos. 200, 201

13        This matter comes before the Court upon consideration of the Plaintiffs' motions for final

14   approval of the class action settlement and for attorney's fees, costs and incentive awards.  Having

15   carefully considered the parties' papers, relevant legal authority, and the record in the case, the

16   Court hereby GRANTS the motions for final approval and for attorney's fees, costs and incentive

17   awards for the reasons set forth below.

18                                     **ANALYSIS**

19   **A.    Approval of the Settlement.**

20        A court may approve a proposed class action settlement of a certified class only "after a

21   hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

22   for class certification. Fed. R. Civ. P. 23(e)(2).  In reviewing the proposed settlement, a court need

23   not address whether the settlement is ideal or the best outcome, but only whether the settlement is

24   fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon*

25   *v. Chrysler Corp.*, 150 F.3d at 1027.  The *Hanlon* court identified the following factors relevant to

26   assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense,

27   complexity, and likely duration of further litigation; (3) the risk of maintaining class action status

28   throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

United States District Court
Northern District of California

1    and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a

2    government participant; and (8) the reaction of class members to the proposed settlement.  *Id.* at

3    1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.

4    2004).  Settlements that occur before formal class certification "require a higher standard of

5    fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).  In reviewing such

6    settlements, in addition to considering the above factors, a court also must ensure that "the

7    settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset*

8    *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

9          As the Court found in its order granting preliminary approval and conditional certification

10   of the settlement class, the prerequisites of Rule 23 have been satisfied purposes of certification of

11   the settlement class.  Moreover, the Court finds that the notice to the class was adequate and was

12   reasonably designed to reach all class members.

13         As the Court previously found in its order granting preliminary approval, the *Hanlon* indicate

14   the settlement here is fair and reasonable and treats class members equitably relative to one another.

15   Plaintiffs and Class Counsel vigorously litigated this case for several years, through multiple

16   dispositive motions, Ninth Circuit appeals, and Supreme Court proceedings.  They conducted

17   substantial, formal and informal discovery before negotiating a settlement with the help of

18   experienced mediators.  The Court therefore finds "no evidence to suggest that the settlement was

19   negotiated in haste or [without] information illuminating the value of plaintiffs' claims." *Hanlon*,

20   150 F.3d at 1027.

21         Additionally, "the absence of a large number of objections to a proposed class action

22   settlement raises a strong presumption that the terms of a proposed class settlement action are

23   favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D.

24   Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a

25   settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class

26   members was proper).  Here, out of hundreds of thousands of class members who received notice,

27   just one class member opted out of the settlement, and no class member objected.  (Dkt. No. 201-1

28   (Declaration of Anne-Marie Marra).)  Such a positive, aggregate response from the class members

United States District Court
Northern District of California

2

1    further supports final approval.

2           After reviewing all of the required factors and considering the evidence, the Court finds the

3    Settlement Agreement is fair, adequate, and reasonable.  The Court thus GRANTS Plaintiffs'

4    motion for final approval.  All Class Members except for the one class member identified in

5    Exhibit E to the Declaration of Anne-Marie Marra (Dkt. No. 201-1) shall be bound by this Order

6    and all of the terms of the Settlement Agreement.

7    **B.    Attorneys' Fees.**

8           Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class

9    action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by

10   law or by the parties' agreement."  A court has discretion to calculate and award attorneys' fees

11   using either the percentage-of-the-fund method or the lodestar method. *Vizcaino v. Microsoft*

12   *Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) *see also Zucker v. Occidental Petroleum Corp.*, 192

13   F.3d 1323, 1328-29 (9th Cir. 1999) ("[T]he district court must exercise its inherent authority to

14   assure that the amount and mode of payment of attorneys' fees are fair and proper.").  The Ninth

15   Circuit has held that twenty-five percent of the gross settlement is the benchmark for attorneys'

16   fees awarded under the percentage method, but the amount may be adjusted "when special

17   circumstances indicate that the percentage recovery would be either too small or too large in light

18   of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona*

19   *Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)

20          In assessing whether the percentage requested is fair and reasonable, courts generally

21   consider "the result achieved, the risk involved in the litigation, the skill required and quality of

22   work by counsel, the contingent nature of the fee, awards made in similar cases, and the lodestar

23   crosscheck." *Nwabueze v. AT & T Inc.*, 2013 WL 6199596, at *10 (N.D. Cal. Nov. 27, 2013); *see*

24   *also In re Quintus Sec. Litig.,* 148 F.Supp.2d 967, 973-74 (N.D. Cal. 2001) (noting that courts

25   consider six factors when determining whether to adjust the benchmark percentage, including "(1)

26   the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4)

27   counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel;

28   (7) the reaction of the class; and (8) comparison with counsel's loadstar").

United States District Court
Northern District of California

3

1    The overall result and benefit to the class from the litigation is the most critical factor in

2    granting a fee award. *In re Omnivision Technologies, Inc*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal.

3    2008) (citation omitted); *see also Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983) (noting that the

4    "most critical factor" to the reasonableness of an attorney fee award is "the degree of success

5    obtained").

6    Finally, the Court examines the lodestar calculations in comparison, to provide "a check on

7    the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050.  "The 'lodestar' is

8    calculated by multiplying the number of hours . . . reasonably expended on the litigation by a

9    reasonable hourly rate." *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996).  The

10    reasonableness of the rates is judged in comparison to the prevailing rates in the community for

11    similar work performed by attorneys with similar skills and experience.  *In re Magsafe Apple*

12    *Power Adapter Litig.*, 2015 WL 428105, at \*11 (N.D. Cal. Jan. 30, 2015) (quoting *Gonzalez v.*

13    *City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013).  Here, Plaintiffs' two firms attest that the

14    expended

15    Here, Plaintiffs seek attorneys' fees of thirty-three and one third percent (33⅓ %) of the

16    settlement amount of $2,250,000, amounting to $750,000.  While this amount is higher than the

17    twenty-five percent benchmark, this amount is actually a significant reduction of Class Counsel's

18    lodestar.  Considering the results obtained and the extensive time Class Counsel expended

19    litigating this case, the Court finds that they attorneys' fees sought are reasonable.  Accordingly,

20    the Court GRANTS the motion for attorneys' fees.

21    However, as addressed at the hearing on the motions, the Court will hold back $100,000 of

22    the attorney's fees award pending further order, to be issued after counsel have filed the post-

23    distribution accounting required by the District's Procedural Guidance on Class Action

24    Settlements.  The post-distribution accounting should address whether the full amount remaining

25    from the settlement amount after deducting for the administrator's expenses, attorneys' fees and

26    costs, and incentive fees were paid to the class members for valid claims and whether class

27    members received a pro rata increase or decrease from their submitted claims.  The post-

28    distribution accounting should also detail what the claims administrator's expenses amounted to,

4

1    not to exceed $96,000.

2    **C.    Litigation Costs.**

3          "There is no doubt that an attorney who has created a common fund for the benefit of the

4    class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v.*

5    *Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (quoting *In re Heritage Bond Litig.,* 2005 WL

6    1594403, at \*23 (C.D. Cal. June 10, 2005)); *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994)

7    (class counsel is also entitled to recover "those out-of-pocket expenses that would normally be

8    charged to a fee paying client.") (internal quotation marks and citations omitted).  Here, the Court

9    finds that Class Counsel submitted a list of costs, including filing fees, travel costs, mediation fees,

10   and other litigation costs amounting to over $75,000.  The Court concludes that these are

11   reasonable litigation expenses incurred for the benefit of the class.  *See Harris v. Marhoefer*, 24

12   F.3d 16, 19 (9th Cir. 1994) (noting that a prevailing plaintiff may be entitled to costs including,

13   among other things, "postage, investigator, copying costs, hotel bills, meals," and messenger

14   services).  Therefore, the Court grants the request for the fees in the amount of $75,000.

15   **D.    Incentive Payment.**

16         "[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs,

17   are eligible for reasonable incentive payments." *Staton v. Boeing Co.,* 327 F.3d 938, 977 (9th Cir.

18   2003); *Rodriguez v. West Pub. Corp.,* 563 F.3d 948, 958-59 (9th Cir. 2009) (district courts may

19   approve incentive awards to named Plaintiffs to compensate them for work done on behalf of the

20   class and in consideration of the risk undertaken in bringing the action).  To determine the

21   appropriateness of incentive awards a district court should use "relevant factors includ[ing] the

22   actions the plaintiff has taken to protect the interests of the class, the degree to which the class has

23   benefitted from those actions . . . the amount of time and effort the plaintiff expended in pursuing

24   the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F.3d at 977.  "[I]in

25   this district, a $5,000 incentive award is presumptively reasonable." *In re Linkedin User Privacy*

26   *Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (citing *Chao v. Aurora Loan Services, LLC*, 2014

27   WL 4421308, at \*4 (N.D. Cal. Sept 5, 2014) (noting that "Plaintiffs' . . . request for a $7,500

28   incentive award for each representative Plaintiff is above the $5,000 figure which this Court has

United States District Court
Northern District of California

United States District Court
Northern District of California

1  determined is presumptively reasonable").

2  　　　Here, Plaintiffs requests an incentive payment in the amount of $7,000 for each of the four

3  named Plaintiffs for a total of $28,000.  The Court finds that the requested amount is reasonable

4  and therefore GRANTS the motion to award this amount.

5  　　　　　　　　　　　　　　　　**CONCLUSION**

6  　　　For the foregoing reasons, the Court GRANTS Plaintiffs' the motions for final approval of

7  the class action settlement and for attorneys' fees and costs and for Plaintiffs' incentive payment.

8  The Court AWARDS $750,000 in attorneys' fees and $75,000 in litigation costs, but $100,000 of

9  that amount will be held back pending further order, to be issued after counsel have filed the post-

10  distribution accounting required by the District's Procedural Guidance on Class Action

11  Settlements.  The Court further awards $7,000 to each of the four named Plaintiffs.  The Court

12  will award up to $96,000 to the claims administrator Simpluris, Inc. upon a showing of Simpluris'

13  costs.

14  　　　**IT IS SO ORDERED**.

15  Dated: November 18, 2025

16  _____

17  　　　SALLIE KIM
　　　United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28